Amado **VILLANUEVA**, Jr., Appellant,

v.

The **STATE** of Texas, Appellee.

No. 04–87–00612–CR.

Court of Appeals of Texas,
San Antonio.

March 31, 1989.

Harry A. Nass, Jr. and R. Robert Willman, Jr., San Antonio, for appellant.

Fred Rodriguez, Julian Lopez, Brigid Sheridan, and Barbara Hervey Crim. Dist. Attys., San Antonio, for appellee.

Before BUTTS, CHAPA and CARR, JJ.

## OPINION

CARR, Justice.

Appellant was found guilty in a jury trial of the offense of theft of property over the value of seven hundred fifty dollars but less than twenty thousand dollars. The trial court assessed punishment at ten years confinement in the Texas Department of Corrections.

In his first two points of error appellant alleges the evidence is insufficient to support his conviction. The standard for review of sufficiency of the evidence is "whether after viewing the evidence in the light most favorable to the prosecution any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 563 (1979); *Chambers v. State,* 711 S.W.2d 240 (Tex.Crim.App.1986).

Appellant was charged with theft of $5,000.00 from complainant, Maria Galindo Orozco, as a result of a real estate transaction in which complainant, in order to relieve her financial pressures, agreed to what can be called a fictional plan of borrowing by second lien against her home by selling the same to appellant with financing provided by a third party. Complainant received from closing funds $13,743.63 and gave appellant $5,000.00, which she claimed was for appellant to pay off the first lien balance of $8,000.00 and appellant claimed was for his services rendered (finder's fee) in connection with the transaction. Appellant argues that because one cannot pay off an $8,000.00 lien with $5,000.00 there is an impossibility of performance.

Some time later when the parties were informed by appellant's attorney that the whole transaction was questionable because of the Texas Homestead Act and Texas Usury Laws, appellant reconveyed the property in question back to complainant. It is undisputed that appellant received the $5,000.00 from complainant. The lien was not paid off and appellant did not return the money to complainant. The question before the jury was one of appellant's intent, and the evidence in the instant case raised that issue of fact.

Testimony was contradictory as to what was said, explained, and intended during the course of the transaction.

The jury as a trier of fact was the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Williams v. State,* 692 S.W.2d 671 (Tex. Crim.App.1984); *Denison v. State,* 651 S.W.2d 754 (Tex.Crim.App.1983).

■ We find that when a person receives money from another person voluntarily through a contractual relationship and the contract cannot be performed, the intent of the person taking the money at the instant of the taking can be an issue raised by the evidence in the case which should be resolved by the trier of fact. We further find that in the instant case there is sufficient evidence that a rational trier of fact could convict under the evidence contained in the record.

Appellant's first and second points of error are overruled.

■ Appellant's points of error numbers four through seven allege that the trial court committed reversible error in admitting into evidence certain documentary evidence in violation of TEX.R.CRIM.EVID. 401 and 402. Those rules provide:

Rule 401. Definition of "Relevant Evidence"

"Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

Rule 402. Relevant Evidence Generally Admissible; Irrelevant Evidence Inadmissible.

All relevant evidence is admissible, except as otherwise provided by constitution, by statute, by these rules or by other rules prescribed pursuant to statutory authority. Evidence which is not relevant is inadmissible.

Appellant argues that the exhibits were irrelevant, prejudicial and inflammatory. The record reveals that the documentary evidence offered by the State and admitted into evidence by the trial court were certain filed "Assumed Name Certificates" executed by appellant and used to impeach appellant's claim that he did not have any knowledge about the real estate business and did not realize that one cannot borrow on one's homestead. The exhibits demonstrated he operated several businesses. We find that the exhibits in question were relevant evidence. Appellant's points of error numbers four through seven are overruled.

In his point of error number eight appellant alleges the trial court committed reversible error in failing to correctly instruct the jury in accordance with TEX.PENAL CODE ANN. § 31.03(c)(1). Two witnesses testified about their dealings with appellant that were of a similar nature.

Section 31.03(c)(1) of the Texas Penal Code provides:

(1) evidence that the actor has previously participated in recent transactions other than, but similar to, that which the prosecution is based is admissible for the pur-

pose of showing knowledge or intent and the issues of knowledge or intent are raised by the actor's plea of not guilty.

The trial court, over appellant's objection, delivered the following instructions to the jury in its final charge:

You are instructed that if there is any testimony before you in this case regarding the defendant's having committed offenses other than the offense alleged against him in the indictment in this case you cannot consider said testimony for any purpose unless you find and believe beyond a reasonable doubt that the defendant committed such other offenses, if any were committed, and even then you may only consider the same in determining the intent of the defendant, if any, in connection with the offense, if any, alleged against him in the indictment in this case and for no other purpose.

■ Appellant argues that the charge is legally defective because it uses extraneous "offenses" not extraneous "transactions" as the statute provides and further omits the words "recent" and "similar." We agree.

The Texas Court of Criminal Appeals has indicated that using the term "offenses" rather than "transactions" increases prejudicial effect. *Robinson v. State,* 701 S.W. 2d 895, 899 (Tex.Crim.App.1985). We believe this is especially so in a deceit case where at issue is whether the dealings were an offense or merely a business transaction, depending on the defendant's intent.

The omission of the critical word "similar" is reversible because it is the touchstone in considering extraneous matters. *Plante v. State,* 692 S.W.2d 487 (Tex.Crim. App.1985) stresses that "it is at least necessary that prior acts should be similar." *Id.* at 492. Therefore, the jury must be given guidance by instruction on this essential factor when considering the evidence. It follows, logically and practically, that the qualifier "recent" must also be given to the jury so that it can correctly deliberate on the evidence and whether it proves each

element of the indictment beyond a reasonable doubt.

When the legislature picks limiting language specifically, the jury must be instructed accordingly. In considering whether certain "transactions," rather than "offenses," applied to the intent of the accused, it is essential that the jury deliberate on whether the alleged transactions are both "similar" and "recent."

Instructing a jury without including clearly critical qualifiers does contribute to erroneous convictions and is harmful both to appellant and to the integrity of the law.

Appellant's point of error is sustained under *Almanza v. State,* 686 S.W.2d 157 (Tex.Crim.App.1985) as appellant has shown "some harm."

We do not address the third point of error concerning the trial court's refusal to allow a defense witness to testify because of his presence in the courtroom after TEX. CODE CRIM.PROC.ANN. art. 36.03 had been invoked. TEX.R.APP.P. 90(a).

The judgment is reversed and the cause is remanded for a new trial.

CHAPA, Justice, concurring.

I concur.

The dissent correctly argues that the *Guerrero* and *Valdez* transactions were admitted into evidence without objection, and that any complaint concerning the admissibility of this evidence has thus been waived by the appellant. However, this waiver as to the admissibility of such evidence does not extend to the infirm instruction. The record reveals proper objections to the instruction in question. The instruction here should have referred to the *Guerrero* and *Valdez* dealings as "transactions" rather than "offenses" and should have qualified the transaction to be considered only if they were "recent" and "similar." Since it is clear that the instruction was erroneous, the issue then is whether appellant has shown "some harm" as a result of the defective instruction. *Almanza v. State,* 686 S.W.2d 157 (Tex.Crim.App.1985).

"We generally presume, although the presumption is rebuttable, that a jury follows the instructions given by the trial judge, in the manner presented." *Rose v. State,* 752 S.W.2d 529, 552, 554 (Tex.Crim. App.1987) (on rehearing). "Transactions" can be commonly described as business dealings or business ventures. "Offenses," on the other hand, can be commonly described as crimes or violations of the law. The jury is required to give common meaning to terms which, as here, are not described legally in the charge. If, as the law presumes, a jury follows the instruction of the trial judge "in the manner presented," it seems impossible to conclude that such an erroneous instruction could result in anything but "some harm" to the appellant. *Almanza, supra.* In a case where intent is critical, it must be considered harmful to an accused for the trial judge to suggest to the jury that the prior transactions involving the accused amounted to offenses or violations of the law. Appellant has carried his burden and shown "some harm." The case should be reversed.

BUTTS, Justice, dissenting.

I respectfully dissent to the characterization of the limiting instruction given by the trial court as demonstrating "some harm."

In this case the record shows about one-half of the time consumed at the trial consisted of evidence involving the two extraneous offenses (*Guerrero* and *Valdez*). They were remarkably similar to the present facts. In both of those cases, the houses were being foreclosed upon at the time of trial. Complaints had been made to the attorney general's office and to the district attorney's office. Appellant acknowledged that he had talked with someone in the attorney general's office concerning two cases. The most important fact, however, is that the defense devoted almost as much time to the *Guerrero* and *Valdez* cases as to the case on trial. Appellant testified at length and in great detail about those cases. There was no objection to admissibility of evidence concerning those two cases. In addition, defense argument was presented to the jury about those

cases. Stated differently, the facts of the *Guerrero* and *Valdez* cases permeated the entire trial.

The theft statute regarding other transactions, now TEX.PENAL CODE ANN. § 31.03(c)(1) (Vernon 1989) is no newcomer to Texas law. *See* former TEX.PENAL CODE ANN. § 31.03(c)(1) (Vernon 1974). The suggested jury charge in McCLUNG, JURY CHARGES FOR TEXAS CRIMINAL PRACTICE (1987) is:

(Similar Transactions:

To Prove Knowledge & Intent)

If there is evidence before you in this case in regard to defendant's having recently participated in other transactions or acts similar to the one for which he is now on trial, then I instruct you that you cannot consider such other transactions or acts, if any, for any purpose unless you find and believe beyond a reasonable doubt that the defendant did participate in such other transactions or committed such other acts *or offenses*, if any, and even then you may only consider the same in determining the knowledge and intent of the defendant, if any, in connection with the offense, if any, alleged against him in the indictment in this case, and for no other reason. (emphasis added)

*Robinson v. State*, 701 S.W.2d 895 (Tex.Crim.App.1985) was concerned with the admissibility of evidence of an extraneous offense. The court found that the presence or absence of deceptive intent in that case was a material issue and the introduction of the extraneous offense was thus relevant to that issue. The court further found the probative value of that evidence outweighed its prejudicial effect.

In *Robinson* the defendant objected to the introduction of the extraneous offense in rebuttal to a defensive theory. In the present case the Guerrero and Valdez cases were as much a part of the case in chief as the indicted offense. There was never an objection; to the contrary the defense brought out on cross-examination many of the details of those cases. Further, many details were discussed by appellant himself.

*Robinson* stands for the proposition that once the trial court has determined the extraneous offense is relevant, and that its probative value outweighs its prejudicial effect, the trial court may properly admit evidence of the extraneous offense *over objection to its admissibility*. Then if the jury instruction uses the softer term "transaction," rather than "offense" the prejudicial effect feared by the defendant *which resulted from admission over objection* may be lessened. *See also Plante v. State*, 692 S.W.2d 487 (Tex.Crim.App. 1985). *Robinson* does not mandate that the term "transaction" must be used in all jury charges in theft by deception cases. The opinion refers to the use of that term as a factor which would lessen the prejudicial effect in a case like *Robinson* where the real question is the admissibility *over objection.*

In the present case the State and the defense concentrated on the two extraneous offenses almost to the exclusion of the main case. The prejudice, if any, was already a *fait accompli* when the case went to the jury. The prejudicial effect (harm) of not using the term "transactions" would be nonexistent or minimal indeed under the circumstances.

I would hold that if there were error in not using the term "transactions" in the jury charge, no harm has been demonstrated in this case where there was no objection to admissibility of the two extraneous offenses and where the appellant also brought out much of the prejudicial evidence. *See Almanza v. State*, 686 S.W.2d 157 (Tex.Crim.App.1985) (opinion on rehearing).