Maria G. OROZCO, Petitioner,

v.

Timothy W. SANDER, Respondent.

No. D–1603.

Supreme Court of Texas.

Jan. 22, 1992.

Rehearing Overruled April 1, 1992.

Earle Cobb, Jr., San Antonio, for petitioner.

John Vance, San Antonio, for respondent.

ON APPLICATION FOR WRIT OF ERROR TO
THE COURT OF APPEALS FOR THE
FOURTH DISTRICT OF TEXAS

PER CURIAM.

At issue in this case is whether there is any evidence that Timothy Sander arranged the pretended sale of Maria Orozco's homestead, as the jury found, and thus created an unconstitutional second lien on it. A majority of this court holds that there is.

Orozco sued Timothy Sander, Armando Villanueva, Ticor Title Insurance Company, and the original lien holder, Fireman's Fund Mortgage Corporation, alleging that they induced her to execute an unlawful deed on her homestead in violation of Article 16, Section 50 of the Texas Constitution. Before trial, Orozco amended her pleadings and eliminated all of the defendants except Sander. At trial, the jury found that Sander and his agent, Villanueva, arranged the pretended sale of Orozco's homestead for the purpose of loaning money to Orozco secured by an unconstitutional second lien on her homestead. The jury awarded Orozco $50,000 in compensatory damages and $75,000 in exemplary damages. The trial court rendered judgment on jury's findings. The court of appeals reversed and

rendered judgment for Sander based upon his no evidence points of error.

In reviewing no evidence points, this court considers only the evidence and inferences that tend to support the finding and disregards all evidence and inferences to the contrary. *Best v. Ryan Auto Group, Inc.*, 786 S.W.2d 670 (Tex.1990). If there is more than a scintilla of evidence to support the finding, the no evidence challenge must fail. *Stafford v. Stafford*, 726 S.W.2d 14, 16 (Tex.1987). There is some evidence when the proof furnishes a reasonable basis for reasonable minds to reach differing conclusions as to the existence of the crucial fact. *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex.1983).

In this case, there was some evidence to support the jury's verdict that this was a pretended sale which was carried out by Sander and his agent, Villanueva. Villanueva and Sander [1] were in the business of arranging pretended sales on homesteads for profit. *See Villanueva v. State*, 768 S.W.2d 900 (Tex.App.—San Antonio 1989, writ ref'd).[2] The record reflected that Sander and Villanueva carried out the pretended sale in the following manner: (1) Sander established the criteria for the sale and provided the forms for the transaction; (2) Villanueva obtained the money for the sale from Sander; (3) Orozco deeded her homestead to Villanueva in exchange for Villanueva executing a purchase money note in the original principal of $25,000, a deed of trust to secure the new note and another deed of trust to secure the assumption of the original indebtedness; (4) Villa-

nueva leased Orozco's home back to her for the amount of money that she owed on the loans, but she had to pay the rent to Sander, instead of Villanueva; (5) in four to six years, when Orozco repaid Sander, Villanueva would reconvey the homestead to Orozco; (6) at closing, Sander purchased the $25,000 note from Orozco for $15,250; (7) from the proceeds of the sale, Orozco gave Villanueva $5,000 to pay off the original note; however, Villanueva kept the money for himself instead of repaying the original indebtedness; (8) shortly after closing, Villanueva defaulted on the new note and the original note; (9) Sander and the original lien holder notified Orozco of the default and their intention to foreclosure on the property.

Furthermore, there was some evidence that Villanueva was Sander's agent. An agency relationship does not depend upon express appointment or assent by the principal; rather, it may be implied from the conduct of parties under the circumstances. *See Commercial Escrow Company v. Rockport Rebel, Inc.*, 778 S.W.2d 532, 539 (Tex.App.—Corpus Christi 1989, writ denied). In this case, one can imply from the conduct of the parties that Villanueva agreed to arrange the pretended sale of Orozco's homestead at the direction and on behalf of Sander and executed the transactions in accordance with Sander's criteria. In addition, Orozco produced evidence sufficient to imply an agreement between Sander and Villanueva and to prove that Sander controlled the transaction, thereby establishing an agency relationship. *See*

---

1. Approximately ten months after the transaction with Orozco, the district court entered a permanent injunction to prohibit Sander from advertising that he "would show you how we can help put *CASH* IN YOUR POCKET and still own your own home" and then, for a fee, arranging "loans and transactions so that homeowners could refinance or borrow money using the equity their homesteads located in Bexar County as collateral ... the transactions were to be completed by the effectuation of four pretended sales." Furthermore, at trial, during cross-examination, Sander admitted that he had "entered into transactions intended to effectuate equity loans on homesteads, thereby creating void or voidable liens pursuant to Texas Constitution, Article 16, Section 50."

2. Villanueva was indicted, tried, and convicted of arranging the fictional sale of Orozco's homestead to steal $5,000 and was sentenced to 10 years imprisonment. Although there was "sufficient evidence that a rational trier of fact could convict under the evidence contained in the record," 768 S.W.2d at 901, the court of appeals reversed and remanded the criminal case because the trial court admitted evidence that Villanueva had conducted other pretended sales but failed to give the proper jury instruction on recent, similar transactions. 768 S.W.2d at 902–03.

*Xarin Real Estate, Inc. v. Gamboa,* 715 S.W.2d 80, 85 (Tex.App.—Corpus Christi 1986, writ ref'd n.r.e.).

Accordingly, pursuant to Tex.R.App.P. 170, without hearing oral argument, a majority of this court grants Orozco's application for writ of error, reverses the judgment of the court of appeals, and affirms the judgment of the trial court.[3]

CORNYN, J., not sitting.

---

**3.** Since the court of appeals improperly granted Sander's no evidence points and he did not assign any other points of error, we render judgment in this case.