**DISSENTING Opinion Filed August 28, 1995**



96-0120

FILED
IN SUPREME COURT
OF TEXAS

JUL - 5 1996

JOHN T. ADAMS, Clerk
By_____ Deputy

In The

# Court of Appeals
## Fifth District of Texas at Dallas

No. 05-92-01354-CV

## STATE FARM LLOYD'S INSURANCE COMPANY, Appellant

### V.

## ASHBY AAA AUTOMOTIVE SUPPLY CO., INC. AND JOE BEN ASHBY, JR., Individually, Appellees

On Appeal from the 298th Judicial District Court
Dallas County, Texas
Trial Court Cause No. 89-13647-M

## DISSENTING OPINION

Before Chief Justice Thomas[1] and Justices Ovard and Barber
Dissenting Opinion By Chief Justice Thomas

I join the majority opinion except as it relates to the damage award for lost profits.

The majority concludes there is no evidence of lost profits and reverses and renders a take-

nothing judgment as to these damages. Because I believe the law and facts support such an

---

[1] The Honorable Linda Thomas was on the original panel at the time this cause was submitted for decision. Justice Thomas was sworn in as Chief Justice on January 1, 1995.

award, I dissent to that portion of the opinion.

## LOST PROFITS

### A. Standard of Review

In addressing a no-evidence challenge, we consider only the evidence and inferences, viewed in their most favorable light, that support the jury findings and disregard all evidence and inferences to the contrary. *Orozco v. Sander*, 824 S.W.2d 555, 556 (Tex. 1992) (per curiam). If there is more than a scintilla of evidence to support the finding, the no-evidence challenge must fail. *Orozco*, 824 S.W.2d at 556. The evidence is no more than a scintilla, and thus no evidence, when it is so weak as to do no more than create a mere surmise or suspicion of its existence. *Motsenbocker v. Potts*, 863 S.W.2d 126, 132 (Tex. App.--Dallas 1993, no writ). However, if the evidence supplies some reasonable basis for differing conclusions by reasonable minds as to the existence of a vital fact, then there is some evidence. *Motsenbocker*, 863 S.W.2d at 132.

In reviewing a factual-sufficiency point, we consider all of the evidence, including any evidence contrary to the judgment. *Plas-Tex, Inc. v. U.S. Steel Corp.*, 772 S.W.2d 442, 445 (Tex. 1989); *Burnett v. Motyka*, 610 S.W.2d 735, 736 (Tex. 1980). A finding can be set aside only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986) (per curiam).

In making its findings, the jury weighs the evidence, assesses the credibility of witnesses, and resolves conflicts and inconsistencies. *McGalliard v. Kuhlman*, 722 S.W.2d

694, 697 (Tex. 1986). The jurors are the judges of the facts proved and of the reasonable inferences to be drawn therefrom. *Lockley v. Page,* 142 Tex. 594, 598, 180 S.W.2d 616, 618 (1944). This Court is not a fact finder, and we cannot substitute our judgment for that of the jury, even if a different finding could be reached on the evidence. *Clancy v. Zale Corp.,* 705 S.W.2d 820, 826 (Tex. App.--Dallas 1986, writ ref'd n.r.e.).

## B. Law on Lost Profits

Recovery for lost profits does not require that the loss be susceptible of exact calculation. *Holt Atherton Indus., Inc. v. Heine,* 835 S.W.2d 80, 84 (Tex. 1992). However, the injured party must do more than show it suffered some lost profits. The amount of the loss must be shown by competent evidence with reasonable certainty. *Heine,* 835 S.W.2d at 84. What constitutes reasonably certain evidence of lost profits is a fact-intensive determination. As a minimum, opinions or estimates of lost profits must be based on objective facts, figures, or data from which the amount of lost profits can be ascertained. *Heine,* 835 S.W.2d at 84.

## C. Legal Sufficiency of the Evidence

With respect to lost profits, the majority renders judgment in State Farm's favor because Ashby, Inc. failed to include its $1,600 mortgage payment as a liability in three monthly income statements given to its CPA and introduced into evidence. The majority reasons that Ashby, Inc. therefore failed to provide "one complete calculation" of lost profits and concludes the evidence is legally insufficient. In the process, it recognizes, then ignores,

-3-

a "variety of evidence . . . regarding cost of inventory, income stream, overhead, and a large number of Ashby, Inc.'s business records" solely on the basis of its interpretation of *Heine*.

The majority interprets *Heine* to mean "that once a party has chosen the method for determining lost profits, it must include *sufficient* evidence to show profits with a reasonable certainty." (Emphasis added.) Based on that interpretation, the majority concludes that if one liability is missing from three months of statements (in a case where profitability for ten years is being examined), and this fact is brought to the jury's attention, that party has failed to provide *sufficient* evidence to show lost profits with reasonable certainty. I cannot agree that *Heine* intended such a result.

In *Heine*, the plaintiffs' testimony was the only evidence presented concerning lost profits. Mr. Heine testified that he had $200,200 in lost income but could not explain how he came up with that figure. The court first noted that lost income is not the correct measure of damages. *Heine*, 835 S.W.2d at 84. Further, the court noted that even if this testimony was otherwise sufficient, the evidence was legally insufficient because Heine failed to provide any indication of how he determined his lost profits. Thus, the court had no basis for determining whether the damages were established with reasonable certainty or were based on pure speculation. *Heine*, 835 S.W.2d at 84.

Additionally, Mr. Heine testified he had lost several contracts based on the defendant's conduct but could not specify which contracts were lost, how many were lost, how much profit would have been made from the contracts, or who would have awarded the

contracts. *Heine*, 835 S.W.2d at 85. The court concluded that Heine's bare assertions that contracts were lost did not "demonstrate a reasonably certain objective determination of lost profits." *Heine*, 835 S.W.2d at 85.

Thus, the problem in *Heine* was that there was no evidence to support a complete calculation of lost profits. *Heine*, 835 S.W.2d at 85. Unlike *Heine*, the record in the instant case is replete with supporting documentary evidence establishing the company's sales, cost of goods sold, and the company's operating expenses over the last several years. The record contains five two-inch-thick volumes and one one-inch thick volume containing corporate tax returns, balance sheets, income statements, and other financial records. Thus, Ashby, Inc. did more than make a bare assertion of lost profits; Ashby, Inc. put forth *objective*, rather than *subjective*, facts, figures, and data from which the amount of lost profits could be ascertained. The fact that Ashby, Inc.'s statements of income for three months in 1989 failed to include the monthly mortgage payment is not dispositive of whether there is some evidence, *i.e.*, *more than a scintilla*, of lost profits. Ashby, Inc. put on evidence of revenues and expenses. The jury was aware the mortgage payment was missing from the three income statements and the amount of the mortgage payment; thus, the jury *could* take that into account when determining whether there were lost profits.

To apply *Heine* as the majority does results in this Court completely negating all of the financial information that was introduced into evidence by Ashby, Inc. Such an application, I believe, is contrary to the no-evidence standard of review. Furthermore, such

-5-

an application could lead to absurd results.

For example, assume the same facts as the instant case, except assume the company's tax returns show a million dollars a year in taxable income for the past ten years. At trial, there is evidence that three income statements provided to the company's CPA failed to reflect a box of pencils as a supply expense. Under the majority's strict application of *Heine*, the company would have failed to provide a "complete calculation;" thus, a no-evidence challenge would be sustained.

Ashby, Inc. provided probative evidence supporting a complete calculation for lost profits, and a jury is capable of making that calculation. Because there is more than a scintilla of evidence to support lost profits, I would hold the evidence is legally sufficient to support the jury's award.

### D. Factual Sufficiency

Having concluded the evidence is legally sufficient, the next question is whether the evidence is factually sufficient. On this point, State Farm argues profits could not be determined with reasonable certainty because: (i) the business operated at a loss until two years prior to the fire; (ii) profits were subject to "uncertain and changing conditions" because Ashby, Inc. was a seasonal business; and (iii) the business was "dependent on the state of the economy." These arguments are without merit.

First, State Farm argues that because Ashby, Inc. operated at a loss from 1980 through 1986, there is no proof of a record of profits in the past or future. I agree that

proof of an operation of a business at a loss, *without more*, fails to meet the test of showing lost profits with reasonable certainty. *See Turner v. PV Int'l Corp.*, 765 S.W.2d 455, 465 (Tex. App.--Dallas 1988), *writ denied per curiam*, 778 S.W.2d 865 (1989). In this case, however, the evidence showed that the business turned around in 1987, and the corporation operated at a profit from 1987 until the fire in June 1989.

Second, State Farm contends that "any alleged loss would be dependent on uncertain and changing conditions." The argument is premised on the fact that Ashby, Inc. is an automotive business and that the automotive business is seasonal, i.e., more repairs are performed during summer months. Taking this argument to its logical extension, any industry that generates more income at one time of year than another could never establish lost profits because they would be subject to "uncertain and changing conditions." Many businesses experience seasonal highs and lows. That fact, however, does not make their anticipated profits over a period of time any less certain.

Likewise, State Farm's third argument that the automotive industry is "dependent on the state of the economy" holds true for any industry. The fact that Ashby, Inc. is dependent on the state of the economy does not make its losses uncertain or speculative.

As stated previously, the record contains hundreds of pages of Ashby, Inc.'s financial condition, including corporate tax returns for the past several years, income statements, balance sheets, etc. Additionally, Mr. Ashby, as well as his certified public accountant, testified at length regarding the business's financial condition. This Court is not a fact

finder, and we cannot substitute our judgment for that of the jury, even if a different finding could be reached on the evidence. *See Clancy*, 705 S.W.2d at 826. Based on the record, I cannot say that the jury's finding relative to lost profits is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. Accordingly, I would affirm the jury's award of $75,000 for lost past profits and $25,000 for lost future profits.


LINDA THOMAS
CHIEF JUSTICE

Do Not Publish
Tex. R. App. P. 90
921354DF.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-92-01354-CV

### STATE FARM LLOYD'S INSURANCE COMPANY, Appellant

### V.

### ASHBY AAA AUTOMOTIVE SUPPLY CO, INC., ET AL, Appellee

I, Maria Sanchez, CLERK of the Court of Appeals for the Fifth District of Texas, at the City of Dallas, hereby certify that the following list of documents are true and correct copies as they appear of record in the Court:

(1)    Opinion dated August 28, 1995 signed by Justice Will Barber.

(2)    Dissenting opinion dated August 28, 1995 signed by Justice Linda Thomas.

Given under my hand and seal of said Court, at Dallas, this the 26th day of June, 1996.

Maria Sanchez, CLERK

By _____
DEPUTY CLERK