TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00425-CR


NO. 03-97-00426-CR


NO. 03-97-00427-CR






Larry Ray Brown, Appellant



v.



The State of Texas, Appellee







FROM THE COUNTY COURT AT LAW OF CALDWELL COUNTY


NOS. 23,821, 24,396 & 24,548, HONORABLE EDWARD L. JARRETT, JUDGE PRESIDING







At a consolidated trial, the jury found appellant Larry Ray Brown guilty of assault, theft,
and criminal trespass. See Tex. Penal Code Ann. §§ 22.01(a)(1), 30.05(a)(1), 31.03(a) (West 1994). 
The county court at law assessed punishment for these offenses at incarceration for 365 days and a $250
fine, incarceration for 180 days and a $500 fine, and incarceration for 180 days and a $500 fine,
respectively.

Appellant brings forward two points of error relevant only to the theft conviction, by which
he complains of the erroneous admission of evidence and an improper jury charge. His third point, that the
court should have conducted a hearing into his competence to stand trial, is relevant to all three convictions. 
We will overrule the points of error and affirm.

In the theft prosecution, appellant was found guilty of stealing a video camcorder from a
repair shop in Lockhart. Appellant was a frequent visitor to the shop, the owner of which he had known
for years. He had shown a particular interest in this camcorder and had previously been caught attempting
to carry it from the shop. Although no one saw appellant take the camcorder, he obviously succeeded in
this task during one of his visits to the shop. Appellant sold the camcorder at a Lockhart pawn shop the
day the theft was discovered.

In his first point of error, appellant contends the court erred by admitting evidence of
another, extraneous theft. Jane Trejo, a cashier at a Lockhart convenience store, testified that appellant
entered the store on a night one month before the camcorder theft and took her purse while her back was
turned. This incident was recorded by the store's security camera and the videotape was shown to the
jury.

The admissibility of this evidence was first discussed outside the jury's presence. Appellant
objected that Trejo's proffered testimony and the accompanying videotape constituted inadmissible
evidence of extraneous misconduct relevant only to prove his bad character. See Tex. R. Evid. 404(b). (1) 
The State responded that the evidence was admissible to show appellant's guilty knowledge or intent, citing
Penal Code section 31.03(c)(1): "[E]vidence that the actor has previously participated in recent
transactions other than, but similar to, that [on] which the prosecution is based is admissible for the purpose
of showing knowledge or intent and the issues of knowledge or intent are raised by the actor's plea of not
guilty." Tex. Penal Code Ann. § 31.03(c)(1) (West Supp. 1998). Appellant's objection was overruled,
the jury returned to the courtroom, and Trejo testified. At the conclusion of her direct testimony, the State
offered the videotape in evidence. Defense counsel responded, "[W]e have no objections to the tape, but
I would like to renew my objections to this entire line of questioning."

Appellant urges that his theft of Trejo's purse was not sufficiently similar to the charged
offense to be admissible under section 31.03(c)(1), and that the probative value of the evidence was
outweighed by the danger of unfair prejudice. See Tex. R. Evid. 403. The latter contention was not
presented to the trial court and therefore was not preserved for review. Tex. R. App. P. 33.1(a). Any
other error with respect to the admission of the videotape was waived when appellant announced that he
had "no objections to the tape." James v. State, 772 S.W.2d 84, 97 (Tex. Crim. App. 1989). Finally,
any error in the admission of Trejo's testimony was rendered harmless by the admission without objection
of the videotape showing appellant stealing her purse. Mayes v. State, 816 S.W.2d 79, 88 (Tex. Crim.
App. 1991). Point of error one is overruled.

The court's theft charge included an instruction admonishing the jury not to consider
evidence of any other transaction unless it found beyond a reasonable doubt that appellant engaged in that
transaction, and limiting the jury's consideration of the other transaction to the issue of appellant's
knowledge or intent. Appellant did not object to this instruction, but now complains that it was defective
because it did not require the jury to find that the uncharged transaction was "recent" and "similar" to the
charged theft, as required by section 31.03(c)(1). As authority, appellant cites the opinion in Villanueva
v. State, 768 S.W.2d 900, 902 (Tex. App.--San Antonio 1989, pet. ref'd), in which the court held that
the omission of these words from a section 31.03(c)(1) limiting instruction, over objection, was reversible
error.

Villanueva is distinguishable because appellant did not object to the court's instruction. 
Thus, he bears the burden of demonstrating that the alleged error was so egregious and caused him such
harm as to deny him a fair and impartial trial. Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App.
1985) (opinion on rehearing). That burden has not been met. The theft of Trejo's purse was certainly
"recent," having happened only one month before appellant stole the camcorder. It was also "similar," in
that on both occasions appellant entered a store and committed a theft when the attendant was distracted. 
Even if we assume the jury would not have found the extraneous theft "recent" or "similar," it is unlikely that
the jury would have reached a different verdict given the other evidence of appellant's guilt. Point of error
two is overruled.

Finally, appellant contends the court erred by failing to conduct a hearing on his
competency to stand trial. The hearing to which appellant refers is the preliminary judicial determination
whether there is evidence to support a finding of incompetence. Tex. Code Crim. Proc. Ann. art. 46.02,
§§ 1, 2(a) (West 1979). Appellant did not move for such a determination, and therefore the question
presented is whether the court should have acted on its own motion.

The record reflects that prior to trial of these causes, appellant was committed to the Austin
State Hospital under an emergency commitment. The reason for this commitment is not shown. Upon
learning of the commitment, the court appointed a psychiatrist to examine appellant and determine his
competency to stand trial. The expert submitted a written report expressing the opinion that appellant was
competent within the meaning of the statute. Thus, the only relevant evidence before the court was that
appellant was competent to stand trial. Absent any evidence of incompetence, the court did not err by
failing to conduct a section 2(a) hearing on its own motion. See Thompson v. State, 612 S.W.2d 925,
927 (Tex. Crim. App. 1981); Rodriquez v. State, 816 S.W.2d 493, 495 (Tex. App.--Waco 1991, pet.
ref'd). Point of error three is overruled.

The judgments of conviction are affirmed.



 

 Bea Ann Smith, Justice

Before Justices Powers, Aboussie and B. A. Smith

Affirmed

Filed: March 26, 1998

Do Not Publish

1. Insofar as they apply to this appeal, the rules of evidence adopted March 1, 1998, are identical to
the former rules of criminal evidence in effect at the time of trial.


 Appellant's objection was overruled,
the jury returned to the courtroom, and Trejo testified. At the conclusion of her direct testimony, the State
offered the videotape in evidence. Defense counsel responded, "[W]e have no objections to the tape, but
I would like to renew my objections to this entire line of questioning."

Appellant urges that his theft of Trejo's purse was not sufficiently similar to the charged
offense to be admissible under section 31.03(c)(1), and that the probative value of the evidence was
outweighed by the danger of unfair prejudice. See Tex. R. Evid. 403. The latter contention was not
presented to the trial court and therefore was not preserved for review. Tex. R. App. P. 33.1(a). Any
other error with respect to the admission of the videotape was waived when appellant announced that he
had "no objections to th