IN THE

TENTH COURT OF
APPEALS




 
 
 
 
 
 
 


 



No. 10-02-00349-CV

 

Billy Glenn Elwood,

                                                                      Appellant

 v.

 

The Kroger Co.,

                                                                      Appellee

 

 

 



From the 18th District Court

Johnson County, Texas

Trial Court # 54-96

 



MEMORANDUM 
Opinion



 








Billy Elwood sued for injuries he
received while working for his former employer The Kroger Company.  After trial to a jury, the trial court
rendered judgment for Elwood.  Elwood and
Kroger each filed a notice of appeal.  Kroger
raises two issues: (1) legally insufficient evidence to support the jury’s
finding of negligence and (2) factually insufficient evidence to support the
jury’s finding of negligence and the amount of damages awarded.  Elwood asserts three issues: (1) trial court
error in giving effect to the jury’s finding of Elwood’s comparative negligence,
(2) trial court error in granting Kroger’s motion for new trial after default
judgment, and (3) trial court error in cutting off pre-judgment interest
early.  We will overrule Kroger’s legal
and factual sufficiency issues.  We will
sustain Elwood’s comparative negligence and pre-judgment interest issues and reform
the judgment to award the full amount of damages found by the jury plus
pre-judgment interest through the day preceding the date the judgment was
rendered.  We will not consider Elwood’s
motion for new trial issue.

BACKGROUND

Elwood worked as a courtesy clerk
for Kroger in Cleburne, Texas.  His duties included
bagging groceries, putting the bags into shopping carts, taking the shopping
carts to the customers’ cars, and putting the bags into the customer’s
cars.  While putting bags into the cab of
one customer’s truck, Elwood held the cart with one foot to prevent it from
rolling down a steep slope in the parking lot and balanced himself against the
truck with his left hand while he reached for the bags with his right
hand.  The customer closed her door onto
Elwood’s left hand.  Elwood sued Kroger,
a “non-subsriber” under the Worker’s Compensation statutes, for the injuries to
his hand.  Elwood obtained a default
judgment, but Kroger filed a motion for new trial, which was granted.  Later, Elwood filed a motion to set aside the
order granting the new trial; that motion was denied.  Finally, a jury found Kroger negligent and
awarded Elwood past and future damages. 
Based on the jury finding that Elwood was 40% negligent, the trial court
reduced the damages award by 40%.

KROGER’S
ISSUE ONE: LEGAL SUFFICIENCY

We review no-evidence points by considering only the evidence and all
reasonable inferences that support the jury=s finding while disregarding all evidence and inferences to the
contrary.  Orozco v. Sander, 824
S.W.2d 555, 556 (Tex. 1992).  If there is more than a
scintilla of evidence to support the finding, the no-evidence challenge must
fail.  Id.  There is “some evidence” when the
proof furnishes a reasonable basis for reasonable minds to reach differing
conclusions as to the existence of a crucial fact.  Id.  If the evidence is so weak as to
do no more than create a mere surmise or suspicion of its existence, its legal
effect is that it is no evidence.  Haynes
& Boone v. Bowser Bouldin, Ltd., 896 S.W.2d 179, 182 (Tex. 1995).  Generally, if the court of appeals sustains a
"no evidence" point, it is the court's duty to render judgment for
appellant.[1]  Vista Chevrolet, Inc. v. Lewis, 709
S.W.2d 176, 176 (Tex. 1986) (quoting Nat’l Life Accident Ins. Co. v. Blagg, 438 S.W.2d
905, 909 (Tex. 1969)).

A no-evidence point must and can only be sustained when the record
reveals: (1) a complete absence of evidence of a vital fact; (2) rules of law
or rules of evidence bar the appellate court from giving weight to the only
evidence offered to prove a vital fact; (3) the evidence offered to prove a
vital fact is no more than a mere scintilla; and (4) the evidence conclusively
establishes the opposite of a vital fact. 
Juliette Fowler Homes, Inc. v. Welch Assocs., Inc., 793 S.W.2d
660, 666 n.9 (Tex. 1990) (citing Calvert, "No Evidence" and
"Insufficient Evidence" Points of Error, 38 Tex. L. Rev. 361, 362‑63 (1960)).

The elements of
a negligence cause of action are (1) a legal duty owed by one person to
another, (2) a breach of that duty, and (3) damages proximately resulting from
the breach.    Greater Houston Transp.
Co. v. Phillips, 801 S.W.2d 523, 525 (Tex. 1990).  Whether a duty exists is a threshold question
of law for the court to decide from the facts surrounding the case.  Thapar
v. Zezulka, 994 S.W.2d 635, 637 (Tex. 1999).  The plaintiff
must establish both the existence of a duty to the plaintiff by the defendant
and a violation of that duty to establish liability in tort.  Greater Houston, 801 S.W.2d at
525.

Employers are
not insurers of their employees’ safety at work, but employers do have a duty
to exercise ordinary care in providing its employees with a safe place to
work.  Leitch v. Hornsby, 935 S.W.2d 114, 117 (Tex. 1996).  This duty includes providing rules and
regulations for the safety of employees and furnishing safe equipment.  Burk
Royalty Co. v. Walls, 616 S.W.2d 911, 923-24 (Tex. 1981).  Employers also have a duty to warn employees
of hazardous conditions of their employment and to supervise their
activities.  Farley v. M M Cattle Co., 529 S.W.2d 751, 754 (Tex. 1975).  Employers usually have and should have the greater
knowledge of dangers and risks of injury to their employees.  Cabrera
v. Delta Brands, Inc., 538 S.W.2d 795, 797 (Tex. Civ.
App.—Texarkana 1976, writ ref’d n.r.e.).

The components
of proximate cause are cause in fact and foreseeability.  Travis
v. City of Mesquite, 830 S.W.2d 94,
98 (Tex. 1992).  Causation may be established by
circumstantial evidence.  Farley, 529 S.W.2d at 755.  “The test for cause in fact is whether the
negligent ‘act or omission was a substantial factor in bringing about injury,’ without
which the harm would not have occurred.” 
C.J. Doe v. Boys Clubs of Greater
Dallas, Inc., 907 S.W.2d 472, 477 (Tex. 1995) (citing Prudential Ins. Co. v. Jefferson Assocs.,
Ltd., 896 S.W.2d 156, 164 (Tex. 1995)).  Cause in fact is a matter that is a
particularly apt question for a jury.  Farley, 529 S.W.2d at 756.  Foreseeability requires only that the general
danger, not the exact sequence of events that produced the injury, be
foreseeable.  Walker v. Harris, 924 S.W.2d 375, 377 (Tex. 1996).

Kroger
argues that because (1) Elwood’s job was not unusual nor did it pose a foreseeable
threat of injury, (2) Kroger provided a safe manner to perform his work, and
(3) Elwood chose to perform his duties in an unsafe manner, Elwood failed to
prove negligence.  Kroger also argues
that Elwood’s type of injury was not foreseeable and the connection between
Kroger’s actions and Elwood’s injuries may be too attenuated to constitute
legal cause.  

Elwood
argues that there is evidence in the record that Kroger was negligent and its
negligence was a proximate cause of Elwood’s injuries.  The evidence supporting the verdict includes:
(1) Elwood did not receive any training regarding how to perform the specific
tasks of his job, particularly taking groceries to customers’ cars and placing
them in the customers’ cars, (2) Kroger did not warn Elwood of the dangers
relating to the slope in the parking lot, (3) Kroger did not provide reasonable
tools (wheel blocks or shopping carts with wheel locks) to avoid placing
himself at risk, (4) Kroger did not make additional personnel available when courtesy
clerks had to take groceries to customers’ cars in the sloped part of the
parking lot, (5) Kroger did not adequately supervise the performance by
courtesy clerks, and (6) Kroger was aware of a prior incident where a cart
rolled into a customer’s car.   Elwood
argues that his injury was foreseeable by Kroger because courtesy clerks are required
to cross the threshold of either a door or a trunk to perform their job.  Elwood also argues that he was only working
for Kroger for one month so Kroger had greater knowledge of the dangers of his
job and steps to take to minimize the risk of injuries.  

The evidence
recited by Elwood are the facts and reasonable inferences that support the verdict,
which on review of a legal sufficiency challenge, are the only facts and
inferences we are allowed to review.  Reviewing
only this evidence, we find legally sufficient evidence to support the finding
of negligence and proximate causation, i.e.,
more than a scintilla of evidence that Kroger was negligent in not properly
training or supervising Elwood, not providing reasonable tools, and not warning
him of possible dangers of his job, that Elwood’s injury was foreseeable, and that
Kroger’s breach of its duty was a substantial factor in causing Elwood’s
injury.  We overrule Kroger’s first
issue.

KROGER’S ISSUE TWO: FACTUAL SUFFICIENCY

When we review an "insufficient-evidence" point challenging
the factual sufficiency of the evidence to support a finding that favors the
party who had the burden of proof on that finding, we may set aside the finding
only if a review of all the evidence, both for and against the finding,
demonstrates that the finding is clearly wrong and unjust.  Cain v. Bain, 709 S.W.2d 175, 176 (Tex. 1986); Checker Bag
Co. v. Washington, 27 S.W.3d 625, 633 (Tex. App.CWaco 2000, pet. denied).  We may
not pass upon the witnesses' credibility or substitute our judgment for that of
the jury, even if the evidence would clearly support a different result. Maritime Overseas Corp. v. Ellis, 971
S.W.2d 402, 406-07 (Tex. 1998), cert. denied, 525 U.S. 1017, 119
S.Ct. 541, 142 L.Ed.2d 450 (1998); Pool
v. Ford Motor Co., 715 S.W.2d 629, 634 (Tex. 1986).  Reversal could occur because the finding was
based on weak or insufficient evidence or because the proponent's proof,
although adequate if taken alone, is overwhelmed by the opponent's contrary
proof.  Checker Bag, 27 S.W.3d at
633 (citing William Powers, Jr. & Jack Ratliff, Another Look at "No
Evidence" and "Insufficient Evidence," 69 Tex. L. Rev. 515, 519 n.11 (1991)).

Negligence

Kroger
argues that it provided to Elwood a reasonable and safe way to perform his job,
but he chose not to perform it in a safe manner.  Kroger relies on the following evidence to
support its arguments: (1) Elwood’s job was a courtesy clerk at Kroger, which
included taking sacked groceries to customers’ cars in shopping carts and
placing the bags into customers’ cars, (2) Elwood was injured while balancing
himself against a customer’s truck while trying to take a bag out of the
shopping cart and the customer closed her door on Elwood’s hand, (3) Elwood
testified he could have taken out the bag without balancing on one leg and
steadying himself by placing his hand on the customer’s truck, (4) Elwood
testified there was an alternative way to take the bag out of the cart that
would not have led to this injury, (5) Elwood testified that even if he needed
to steady himself by placing his hand against the truck, it was not necessary
for him to place his hand in the doorjamb, and (6) Elwood testified that his job as a courtesy clerk was not
complicated.  

Elwood
relies on the evidence stated above in his legal sufficiency arguments
regarding lack of training, supervision, proper tools, and additional
assistance.

Kroger
does not argue any overwhelming evidence to negate the jury’s finding.  We do not find that the evidence, both for
and against the jury’s finding, is so weak or insufficient to render the jury’s
finding clearly wrong or unjust.  Cain, 709 S.W.2d at 176; Checker Bag, 27 S.W.3d at 633.  We hold that there is factually sufficient
evidence to support the jury’s finding that Kroger’s negligence proximately
caused Elwood’s injury.  We overrule
Kroger’s second issue as to negligence.

Damages

The jury charge instructed the jury to consider four elements to
determine amounts for past and future damages. 
These elements included (1) physical pain and mental anguish, (2) loss
of earnings, (3) physical impairment, and (4) medical care.  The jury awarded $61,200.00 for past damages
and $61,350.00 for future damages.  To
successfully challenge a multi-element damages award on appeal, an appellant
must address all of the elements and show that the evidence is factually
insufficient to support the entire damages award.  Price
v. Short, 931 S.W.2d 677, 688 (Tex. App.—Dallas 1996, no writ); Greater Houston Transp. Co. v. Zrubeck,
850 S.W.2d 579, 589 (Tex. App.—Corpus Christi 1993, writ denied).  A failure to address an element of damages
results in waiver of the sufficiency challenge. 
Price, 931 S.W.2d at 688.

Kroger broadly argues that the damages awarded to Elwood were excessive
and not supported by factually sufficient evidence.  Kroger relies on the following evidence: (1)
Dr. Herr took Elwood off of work for only five days, (2) Elwood only obtained
one prescription for medication, (3) after approximately one month, Elwood
could have performed similar duties but chose not to go back to work, (4)
Elwood did not see a doctor from one month after his accident in 1994 until
2001, and (5) the total medical expenses were $1,000.00 and he was only taken
off of work by his doctor for one week.

Elwood argues that Kroger does not address all of the elements of
damages. He says that Kroger argues only evidence in the record regarding loss
of wages, cost of medication, and actual medical expenses and has therefore
waived its challenge.

Kroger fails to demonstrate how the evidence is insufficient to support
loss of earnings and medical care and fails to argue how the evidence is
insufficient to support pain and mental anguish and physical impairment at
all.  Therefore, we agree with Elwood
that Kroger waived its factual sufficiency challenge on damages.  Price,
931 S.W.2d at 688.

Even if Kroger did not waive its factual sufficiency challenge on
damages, we would find factually sufficient evidence to support the jury’s award
of damages.  The jury is the sole judge
of the credibility of witnesses and the weight to be given to their
testimony.  See Larrumbide v. Doctors Health Facilities, 734 S.W.2d 685, 690
(Tex. App.—Dallas 1987, writ denied).  Matters of past and
future physical pain, mental anguish, and physical impairment are particularly
within the jury's province.  Marvelli v. Alston, 100 S.W.3d 460, 482
(Tex. App.—Fort Worth
2003, pet. denied).  Loss of past and future
earning capacity is largely within the discretion of the jury.  Strauss v. Continental Airlines, Inc., 67 S.W.3d 428, 435-37 (Tex. App.—Houston [14th Dist.] 2002, no
pet.).  The award of future medical care expenses
is a matter particularly for the jury, and the jury may make its award based on
the nature of the injuries, past medical care, and the condition of the injured
party.  Southwestern Bell Tel. Co. v. Davis, 582 S.W.2d 191, 195 (Tex. Civ.
App.—Waco 1979, no writ).  Reviewing all of the evidence in the record, we find factually
sufficient evidence to support the jury’s damage award—the damages awarded are
not manifestly wrong and unjust.  Cain,
709 S.W.2d at 176; Checker Bag, 27 S.W.3d at 633.  We overrule Kroger’s second issue as to
damages.

ELWOOD’S
ISSUE ONE: COMPARATIVE NEGLIGENCE

Kroger is a non-subscriber to
worker’s compensation.  Kroger requested
a comparative negligence question be submitted to the jury, and the trial court
submitted the question without objection by Elwood.  The jury found Elwood 40% negligent.  Elwood requested that the trial court
disregard the jury’s finding in his post-trial motion for judgment.  Nevertheless, the trial court reduced
Elwood’s damages by the 40% when it entered the judgment.

A trial court may disregard a jury
finding only if it is unsupported by evidence or if the issue is
immaterial.  Spencer v. Eagle Star Ins. Co. of America, 876 S.W.2d 154, 157 (Tex. 1994). 
The Texas Labor Code precludes a non-subscribing employer from asserting
contributory negligence as a defense.  Tex. Lab. Code Ann. § 406.033(a) (Vernon Supp. 2004-2005).  The Texas Supreme Court has held that a
non-subscribing employer is not entitled to a jury question on the employee’s alleged
comparative responsibility.  Kroger v. Keng, 23 S.W.3d 347, 352-53 (Tex. 2000). 
Therefore, the comparative negligence was immaterial, and the trial
court erred in reducing Elwood’s damages by 40%.  See
Kroger v. Keng, 976 S.W.2d 882, 892 (Tex. App.—Tyler 1998), aff’d 23 S.W.3d 347 (Tex. 2000) (stating that a comparative
responsibility question would always yield an immaterial finding).  We sustain Elwood’s first issue and will
reform the judgment to include the full amount of damages found by the jury: $61,200.00
in past damages and $61,350.00 in future damages.

ELWOOD’S
ISSUE THREE: PRE-JUDGMENT INTEREST

The judgment in this cause was
signed on September 12, 2002.  However,
the pre-judgment interest was calculated as of July 31, 2002.

Pre-judgment interest accrual ends
on the day preceding the date judgment is rendered.  Tex.
Fin. Code Ann. § 304.104 (Vernon Supp. 2004-2005).  Thus, the pre-judgment interest accrual
should have ended on September 11, 2002.  We sustain
Elwood’s third issue and will reform the judgment to include pre-judgment
interest to that date in the amount of $38,966.04.[2]

ELWOOD’S
ISSUE TWO: GRANTING OF MOTION FOR NEW TRIAL

Elwood’s second issue urges us to
review the grant of Kroger’s motion for new trial after a default judgment had
been taken, asserting that there was a “fraud on the court” because the
affidavit filed in support of the motion was not made on personal
knowledge.  He claims the lack of
personal knowledge was conclusively proven when the affiant admitted it in a
deposition taken later.  Citing several
Texas Supreme Court cases, he says that a trial court does not enjoy “unbridled
discretion” when considering whether to grant a new trial under these
circumstances.   We disagree.  A trial court's order within its plenary
power setting aside a default judgment and granting a timely-filed motion for
new trial is not reviewable on appeal.   Cummins v. Paisan Const. Co., 682 S.W.2d
235, 236 (Tex. 1984) (per curiam); see also Wolk v. Life Partners, 994 S.W.2d 934, 935 (Tex. App.—Waco
1999, no pet.) (per curiam).  We do not consider
Elwood’s second issue.

CONCLUSION

We have overruled Kroger’s legal and
factual sufficiency issues.  We sustain
Elwood’s comparative negligence and pre-judgment interest issues, and therefore
we reform the judgment to award Elwood $61,200.00 in past damages, $38,966.04
in pre-judgment interest, $61,350.00 in future damages, and post-judgment
interest as stated in the judgment.  As
reformed, the judgment is affirmed.

 

 

 

 

BILL VANCE

                                                                   Justice

 

Before Chief Justice Gray,

          Justice Vance, and

          Justice Reyna

          (Chief Justice Gray
dissenting)

Reformed and affirmed

Opinion delivered and filed November 10, 2004

 

[CV06]











    [1]           Here, appellant on the no-evidence
issue is Kroger.





    [2]           $61,200 x 10% x 6.367 years (April 1,
1996 through September 11, 2002) = $38,966.04.