In the INTEREST OF A.F., J.N.V. and J.V., Children.

No. 10–00–284–CV.

Court of Appeals of Texas, Waco.

July 11, 2001.

John E. Hawtrey, Bryan, for appellant.

John Cornyn, Attorney General of Texas, Andy Taylor, First Assistant Attorney General, Gregory S. Coleman, Solicitor General, Philip A. Lionberger, Assistant Solicitor General, Austin, for appellee.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## ABATEMENT ORDER

PER CURIAM.

This appeal arises from a suit affecting the parent-child relationship, in which the Texas Department of Protective and Regulatory Services is seeking to terminate, under sections 161.001(1)(D) and (E) of the Family Code, the parental rights of Annette Louise Vaughn and Jack Norman Vaughn, Jr., to each of their three children. TEX. FAM.CODE ANN. § 161.001(1)(D), (E) (Vernon Supp.2001). Because Annette and Jack are both indigent, the trial court appointed William H. Howell as their attorney in the termination suit. TEX. FAM. CODE ANN. § 107.013(a)(1) (Vernon Supp. 2001). Realizing a potential conflict of interest between the two and pursuant to section 107.013(b), Howell filed a Motion to Sever which stated:

1.

The allegations against Jack Vaughn, are very serious to wit aggravated sexual abuse against [one of his daughters], this attorney has investigated the allegations against Jack Vaughn. The mother Annette Vaughn, has allegations against her of neglect and failure to properly protect her children. The attorney has investigated these allegations.

2.

The trial of this case with the defendants jointly would be unfair to the defendant Annette Vaughn, in that the probative evidence against Jack Vaughn, would be highly prejudicial to the defen-

dant Annette Vaughn, and that such evidence would create a situation for the jury that Annette Vaughn could not receive a fair trial because of the allegations against Jack Vaughn, which would be introduced d[uring] a joint trial.

### 3.

WHEREFORE PREMISE CONSIDERED, Attorney William H. Howell, prays this Court [to] set this matter for hearing to sever the defendant Jack Vaughn, and Annette Vaughn, and to provide additional counsel for these Vaughns, because the interest of Jack Vaughn and Annette Vaughn, are in conflict with each other.

*Id.* § 107.013(b). In response to Howell's concerns, the trial court appointed Whitney Smith as the attorney to represent Annette in the proceeding. Howell continued to represent Jack.

The cause was tried to a jury, which returned a verdict terminating the parental rights of both parents. The trial court then appointed John Hawtrey as the sole attorney for both Annette and Jack on appeal. After Hawtrey was appointed, he timely filed the Vaughns' notice of appeal with the district clerk and, pursuant to Rule 32 of the Rules of Appellate Procedure, filed a docketing statement with this Court. TEX.R.APP. 32.1(a). In the docketing statement, Hawtrey named himself as lead appellate counsel; however, he conditioned his appearance on "unless a conflict appears in the record."

Hawtrey then submitted separate briefs for Annette and Jack. In the briefs, Hawtrey states that because "there may be a conflict between the parents ... and the issues are significantly different as to each parent, separate briefs will be submitted for the mother and the father." In addition, during oral argument, Hawtrey stated that he "felt" he has a conflict of interest in representing both Annette and Jack on appeal.

On the basis of the potential conflict of interest between Annette and Jack at trial which necessitated independent representation and on the basis of the briefs before us, we declined to submit the cause for consideration of the merits pending a determination about whether Annette and Jack are entitled to independent representation on appeal.

As a result, we abate this cause, remand to the trial court, and order the trial court to hold a hearing within thirty (30) days after the date of this order to determine whether a conflict of interest exists such that the court should appoint separate attorneys for Annette and Jack on appeal. TEX. DISCIPLINARY R. PROF'L CONDUCT 1.06, *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G app. A (Vernon 1998) (TEX. STATE BAR R. art. X, § 9). If it determines that separate attorneys are required, it shall appoint them. Because of Rule 1.09 of the Rules of Professional Conduct regarding the representation of former clients, the trial court should inquire into whether Hawtrey is qualified to be one of these appointments. *Id.* 1.09. If separate attorneys for Annette and Jack are appointed, each should be directed to file an amended brief for his or her clients within thirty days after the court's order of appointment. If the court determines that no conflict exists requiring the appointment of separate attorneys, no further action need be taken, except as herein provided.

We abate this appeal confident that an appropriate record will be made. The record, including the court's findings of facts and conclusions of law and appointment orders, if any, shall be filed with the clerk of this court within forty-five days after the date of this order.

GRAY, Justice, dissenting from abatement order.

In his docketing statement, John Hawtrey, the court-appointed appellate attorney, clearly stated that he was the lead appellate counsel "unless a conflict appears in the record." He further acknowledged the *possibility* of a conflict between his two clients when he filed separate briefs in order to present what he characterized as "significantly different" issues. He then appeared at oral argument on behalf of these two parties and announced ready.

The Texas Rules of Professional Conduct require that a lawyer who has a conflict of interest take effective action to eliminate any conflict arising after representation has been undertaken, including withdrawal if necessary. TEX. DISCIPLINARY R. PROF'L CONDUCT 1.06 Comment, *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G app. (Vernon 1998) (TEX. STATE BAR R. art. X, § 9). Hawtrey took no action in the trial court or this court to have the issues of a conflict resolved. An attorney can properly represent multiple clients, including those with potentially adverse interests. Based on the statements of counsel regarding the "possibility" of a conflict, his failure to take any affirmative action to remove himself from conflict, his continued representation of both clients, and a review of the issues and record in this case, we must rely upon counsel to have taken the appropriate ethical steps necessary to resolve the conflict issue, if any, with his clients.

We have not been asked to abate this appeal. There is no need to abate this appeal. We are dealing with the lives of children during critical developmental periods of their short childhoods. While we must be very diligent in our review, we should likewise avoid unnecessary delays in ultimate disposition. This is an unnecessary delay. Accordingly, I respectfully dissent from the order of abatement.