**In the Interest of A.F., J.N.V., and J.V., Children.**

**No. 10–00–284–CV.**

Court of Appeals of Texas, Waco.

Oct. 30, 2002.

Frank Blazek, Smither, Martin, Henderson & Blazek, P.C., Huntsville,

John E. Hawtrey, John E. Hawtrey, P.C., David S. Barron, Bryan, for Appellant.

Philip A. Lionberger, Office of the Attorney General, Austin, Sarah R. Guidry, Tex. Dept. of Protective & Regulatory Services, Houston, Duke E. Hooten, Tex. Dept. of Protective & Regulatory Services, Austin, for Appellee.

Before Chief Justice DAVIS, Justice VANCE and Justice GRAY.

## MEMORANDUM OPINION

PER CURIAM.

In a suit brought by the Texas Department of Protective and Regulatory Services (the Department), a jury answered broad-form questions that resulted in a judgment terminating the parent-child relationship between Jack N. Vaughn, Jr. and Annette Vaughn and their three children, A.F., J.N.V. and J.V. We will address Jack's and Annette's legal sufficiency claims and overrule them. Then we will address their complaints about the court's charge to the jury. Because we have held a charge must be structured in such a way that assures the same ten or more jurors agree on at least one statutory ground for termination as to each child and that termination is in the best interest of that child, and this charge was not, we will reverse the order of termination and remand the cause.

### JURISDICTION

Before we address the merits of the parties' complaints, we address our jurisdiction. Jack says that the trial court's order is not final because it does not dispose of the Department's claim against an alleged father of one of the children, Jesse O'pry. The order resulted, however, from a trial on the merits. Thus, we presume it is final. *North East Inde-*

*pendent School Dist. v. Aldridge,* 400 S.W.2d 893, 897–98 (Tex.1966). Furthermore, the order contains a "Mother Hubbard" clause that denies all relief not expressly granted. "If there has been a full trial on the merits either to the bench or before a jury, the language [of the Mother Hubbard clause] indicates the court's intention to finally dispose of the entire matter, assuming that a separate or bifurcated trial is not ordered." *See Lehmann v. Har–Con Corp.* 39 S.W.3d 191, 198 (Tex. 2001). The order is final and appealable.

## LEGAL SUFFICIENCY

■ Both Jack and Annette assert that the evidence is legally insufficient to support a finding that would justify termination on any ground pled. We will review these issues first because they afford the greatest relief of any they assert.

■ We review no evidence points by considering only the evidence and all reasonable inferences that support the jury finding while disregarding all evidence and inferences to the contrary. *Orozco v. Sander,* 824 S.W.2d 555, 556 (Tex.1992). If there is more than a scintilla of evidence to support the finding, the no evidence challenge must fail. *Id.* If the evidence supporting a finding is so weak as to do no more than create a mere surmise or suspicion of its existence, then the legal effect is that it is no evidence. *Haynes & Boone v. Bowser Bouldin, Ltd.,* 896 S.W.2d 179, 182 (Tex.1995).

The Department pled that Jack and Annette each (a) knowingly placed or knowingly allowed the children to remain in conditions or surroundings which endangered their physical or emotional well-being, and (b) engaged in conduct or knowingly placed each child with a person who engaged in conduct which endangered the physical or emotional well-being of that child. Tex. Fam.Code Ann. § 161.001(D),

(E) (Vernon 2002). The evidence shows that Jack sexually abused A.F. over a period of years and that Annette knew about it. This evidence is legally sufficient to support a finding that Jack engaged in conduct which endangered the emotional well-being of all three children and that Annette allowed them to remain in surroundings which endangered their emotional well-being. *In re R.G.,* 61 S.W.3d 661, 667–68 (Tex.App.-Waco 2001, no pet.). The Department also presented evidence about emotional, behavioral, and psychological problems which the children have. Considering only the evidence and all reasonable inferences that support the jury's findings and disregarding all evidence and inferences to the contrary, we find more than a scintilla of evidence to support the verdict. *Orozco,* 824 S.W.2d at 556.

## JURY CHARGE

■ Each parent complains of the court's charge to the jury, pointing to our decision in *In re B.L.D.* reviewing a broadform submission of grounds for termination and best interest. *In re B.L.D.,* 56 S.W.3d 203, 218–19 (Tex.App.-Waco 2001, pet. granted). Just as in *B.L.D.,* the court asked the jury in a series of six questions to find as to each parent and each child: "Should the parent-child relationship between [parent's name] and [child's name] be terminated?" *Id.* at 215. Because we remain convinced that the jury charge in a termination case must assure the concurrence of ten or more jurors that at least one ground for termination exists as to each child and that termination is in the best interest of that child, we will follow *B.L.D. See id.* at 219. Thus, we cannot sustain the order in this case.

Jack's third issue and Annette's second issue are sustained.

## CROSS ISSUE

We abated this case to allow the trial court to determine whether counsel on appeal, who had been appointed to represent both parents, had a conflict of interest. *In the Interest of A.F.*, 51 S.W.3d 848 (Tex. App.-Waco 2001, order). In response, the trial court discharged the attorney on appeal and appointed two different attorneys to represent the respective parents. Separate briefs have been submitted for the parents. The Department's complaint that we erred in the abatement order is moot, and we decline to address it.

## OTHER ISSUES

Because we will reverse the order on charge error, we do not address the parents' remaining issues.

## CONCLUSION

We reverse the Order of Termination and remand the cause for further proceedings.

Justice GRAY dissenting.

TOM GRAY, Justice, dissenting.

The Texas Supreme Court has recently reiterated that "in reaching their conclusions, courts of appeals are not free to disregard pronouncements from this Court ..." *In the Interest of K.M.S.*, 91 S.W.3d 331, 331 (Tex.2002); *see also Lofton v. Texas Brine Corp.*, 777 S.W.2d 384, 386 (Tex.1989) ("This court need not defend its opinions from criticism from courts of appeals; rather they must follow this court's pronouncements."). The Supreme Court held in *E.B.* that the controlling question in a termination case is whether the parent-child relationship should be terminated, not what specific ground or grounds the jury relied on to come to their answer.

*Texas Dep't. of Human Services v. E.B.*, 802 S.W.2d 647, 649 (Tex.1990). Once again, however, because the majority disregards the Supreme Court's holding in *E.B.*, we needlessly send this case back for retrial. *Id.; see In the Interest of B.L.D.*, 56 S.W.3d 203 (Tex.App.-Waco 2001, pet. filed).

For the reasons expressed in *B.L.D.*, I respectfully dissent. *Id.* (see dissenting opinion section entitled "Broad Form Submission").