In the Interest of AF, JNV and JV, Children
















IN THE
TENTH COURT OF APPEALS
 

No. 10-00-00284-CV

IN THE INTEREST OF
A.F., J.N.V., AND J.V., CHILDREN

 

From the 278th District Court
Madison County, Texas
Trial Court # 998290-278-09
                                                                                                                
                                                                                                         
MEMORANDUM OPINION
                                                                                                                

      Annette Vaughn and Jack Vaughn, Jr. appeal the termination of their parental rights. In
1999, the Texas Department of Protective and Regulatory Services (TDPRS)


 removed A.F.,
J.N.V., and J.V. from their home and placed them in foster care. Several doctors had seen
A.F. because of an infected laceration in her vagina that extended downward toward her
rectum. TDPRS suspected sexual abuse, although her parents contended that A.F.’s injury
was caused by a parasite she contracted while playing in a lake in December 1998, which was
exacerbated by a speculum used during a pelvic exam. Both parents denied any abuse.
      While in foster care, A.F. made an outcry to her foster mother, Tara Flemly. A.F. told
Flemly that her father had abused her since she was two years old and had shown her
pornography. She said that he had bribed her with drugs, alcohol, and the promise of gifts,
had threatened her with physical abuse, and had emotionally manipulated her. She further told
Flemly that Annette had walked in on them several times and had prayed that the abuse would
stop. Flemly testified that, on other occasions, A.F. alluded to performing sex acts on Jack,
although A.F. never explicitly stated that these acts had occurred. Hours after the outcry,
Flemly found A.F. in her room, upset and withdrawn, repeatedly combing her hair. A.F. then
told Flemly that she would lie to authorities about the abuse because she feared her mother
would commit suicide if her parental rights were terminated.
      Upon submission of broad-form questions, the jury found in favor of termination of
Annette’s and Jack’s rights to each child. Annette brings three issues on appeal: (1), (2) the
evidence is legally and factually insufficient to support the jury’s verdict, and (3) the verdict
form submitted to the jury did not guarantee that at least ten jurors found that any of the
statutory grounds alleged for the termination of her parental rights had occurred. Jack also
complains of legal and factual insufficiency and about the jury charge, and says the trial court’s
order is not appealable.
Legal and Factual Sufficiency
      We have reviewed the record in light of the legal and factual sufficiency standards
articulated in In re C.H. and In re J.F.C. In re C.H., 89 S.W.3d 17, 25 (Tex. 2002); In re
J.F.C., 96 S.W.3d 256, 265–66 (Tex. 2002). Tara Flemly testified about the outcry, and three
doctors and a nurse practitioner testified that A.F.’s injuries were consistent with sexual abuse
and inconsistent with parasitic infestation or a pelvic exam. Both parents testified, denying the
abuse. A.F. testified by videotape: she refused to answer questions about the abuse and denied
that it had happened. However, several social workers testified that children often equivocate
in recounting stories of sexual abuse, even when such abuse has, in fact, occurred. Jack’s
brother testified that, during a visitation, A.F. told him that TDPRS told her that she could
return home to her parents if she made an outcry against her father. Also, two friends testified
on behalf of Jack and Annette, vouching for them as kind and caring parents. One friend,
however, admitted that he did not really know what went on in their home. And a
psychologist who had examined Annette testified that she was markedly dependent, delusional,
and marginally mentally retarded.
      Considering all the evidence in the light most favorable to the jury’s findings, we find that
a reasonable trier of fact could have formed a firm belief or conviction that the findings were
true. In re J.F.C., 96 S.W.3d at 266. Giving due consideration to evidence that the factfinder
could reasonably have found to be clear and convincing, we also find that a factfinder could
reasonably form a firm belief or conviction that the State's allegations were true. Id. (citing
In re C.H., 87 S.W.3d at 25). Annette’s and Jack’s legal and factual sufficiency issues are
overruled.
Charge Error
      Both Annette and Jack complain about the broad-form submission to the jury of alternative
statutory grounds of termination. Neither party objected to the charge or requested alternative
language at trial. We cannot review unpreserved complaints about charge error. In re B.L.D.,
113 S.W.3d 340, 349–51 (Tex. 2003). Annette’s third issue and Jack’s supplemental issue are
overruled.
Finality of the Trial Court’s Order
      Jack asserts that the trial court’s order is not final because it does not dispose of TDPRS’s
claim against an alleged father of one of the children. We have previously decided this issue
and will not revisit it. See In re A.F., 91 S.W.3d 410, 411–412 (Tex. App.—Waco 2002)
rev’d on other grounds, 113 S.W.3d 363 (Tex. 2003).
      We affirm the judgment.
 

                                                                         BILL VANCE
                                                                         Justice


Before Chief Justice Gray,
      Justice Vance, and 
      Justice Reyna
Affirmed
Opinion delivered and filed March 31, 2004

[CV06]