In the Matter of J.G., a Juvenile.

No. 06–94–00146–CV.

Court of Appeals of Texas, Texarkana.

Submitted July 11, 1995.

Decided Aug. 1, 1995.

Rehearing Overruled Aug. 22, 1995.

Gary L. Waite, Paris, for J.G.

Tom Wells, County Atty. of Lamar County, Kerye Ashmore, Asst. County Atty., Paris, for State.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

BLEIL, Justice.

This is an appeal from an order transferring J.G. from the custody of the Texas Youth Commission (TYC) to the Institutional Division of the Texas Department of Criminal Justice (TDCJ). In twenty-five points of error, J.G. contends that the determinate sentence system violates the United States and Texas Constitutions. We find no constitutional infirmity and affirm.

For a number of violent offenses, including capital murder, the Texas Legislature has created a system for prosecuting juvenile offenders. *See* Tex.Fam.Code Ann. §§ 53.045, 54.04, 54.11 (Vernon Supp.1995); Tex.Hum.Res.Code Ann. § 61.079 (Vernon 1990), § 61.084 (Vernon Supp.1995). Known as determinate sentencing, use of this system is at the option of the prosecutor. *See* Robert O. Dawson, *The Violent Juvenile Offender: An Empirical Study of Juvenile Determinate Sentencing Proceedings as an Alternative to Criminal Prosecution,* 21 Tex. Tech.L.Rev. 1897, 1901 (1990). To invoke the determinate sentence system, the prosecutor must obtain grand jury approval of a juvenile court petition charging one of the covered offenses. Tex.Fam.Code Ann. § 53.045(a); *see also* Dawson, 21 Tex.Tech L.Rev. at 1916. If the grand jury approves the petition and certifies it to the juvenile court, then the case proceeds to adjudication and disposition. Tex.Fam.Code Ann. § 54.03 (Vernon 1986 & Supp.1995). If found guilty of engaging in one of the specified violent offenses, the juvenile can be committed to the TYC and later transferred to the institu-

tional division of the TDCJ for a term not to exceed forty years. Tex.Fam.Code Ann. §§ 54.04(d)(3), 54.11.

At age sixteen, J.G. was charged by petition with engaging in delinquent conduct by committing the offense of capital murder. *See* Tex.Fam.Code Ann. § 51.03(a)(1) (Vernon Supp.1995) (delinquent conduct includes conduct that violates a state penal law punishable by confinement). The grand jury approved and certified the petition. *See* Tex. Fam.Code Ann. § 53.045. J.G. entered a negotiated plea of true to the petition and in November 1993 received a sentence of thirty-five years' commitment to the TYC with the possibility of transfer to the institutional division of the TDCJ. The juvenile court held a transfer hearing on September 23 and October 3, 1994, and subsequently ordered J.G. transferred to the TDCJ on her eighteenth birthday, November 9, 1994, or as soon thereafter as possible, to serve the remainder of her sentence. *See* Tex.Fam.Code Ann. §§ 54.04, 54.11; *see also* Tex.Hum.Res.Code Ann. §§ 61.079, 61.084.

J.G. contends that the trial court committed reversible error by permitting her case to proceed to a transfer hearing because section 53.045 of the Family Code violates the due process and due course of law guarantees of the United States and Texas Constitutions, respectively, because it allows the state to prosecute without a sworn complaint, information, or evidence of a crime being presented to the grand jury; provides no guidelines to the grand jury; and fails to provide a juvenile with adequate notice of grand jury approval of the petition.

J.G. did not appeal from the judgment of November 22, 1993, adjudging her guilty of engaging in delinquent conduct and ordering her committed to the TYC. This judgment was appealable. *See* Tex.Fam.Code Ann. § 56.01(c)(1)(B), (C) (Vernon Supp.1995). Instead, J.G. and her attorney executed a waiver of her right to appeal from the court's order and judgment disposing of her case. *See* Tex.Fam.Code Ann. § 51.09 (Vernon 1986 & Supp.1995), § 56.01(f) (Vernon Supp.1995) (permitting waiver of right to appeal).

Even discounting this written waiver, J.G. did not timely perfect an appeal from the judgment of adjudication and disposition order. *See* Tex.R.App.P. 41(a); *In re T.C.K., Jr.,* 877 S.W.2d 43 (Tex.App.—Beaumont 1994, no writ). An appeal from an order of a juvenile court is governed by the same rules as those in civil cases generally. Tex.Fam. Code Ann. § 56.01(b) (Vernon 1986). J.G.'s complaints pertaining to proceedings, such as the grand jury approval process, that occurred before entry of the judgment of adjudication and disposition order are waived.

J.G. also contends that the determinate sentence statute violates article I, section 10 of the Texas Constitution because it fails to provide a right to an indictment before being convicted of a felony or incarcerated with felons.[1] In enacting the determinate sentence statutes, the legislature exercised its constitutional power to prescribe the practice and procedures relating to the use of indictments. Tex. Const. art. V, § 12; *In re R.L.H.,* 771 S.W.2d 697, 699 (Tex. App.—Austin 1989, writ denied). The grand jury approves a juvenile court petition in the same manner that it votes on the presentment of an indictment, and the law expressly provides that, for the purposes of transferring a juvenile to the TDCJ, a juvenile court petition approved by a grand jury pursuant to section 53.045 is an indictment. Tex.Fam. Code Ann. § 53.045(b), (d); *see In re D.S.,* 833 S.W.2d 250, 252–53 (Tex.App.—Corpus Christi 1992, writ denied); *In re S.C.,* 790 S.W.2d 766, 771 (Tex.App.—Austin 1990, writ denied); *R.L.H.,* 771 S.W.2d at 699–700. Because the petition functions as an indictment, J.G. has not been incarcerated without benefit of an indictment in violation of article I, section 10 of the Texas Constitution.

J.G. contends that the trial court erred in proceeding with the transfer hearing because the determinate sentence scheme violates the equal protection and equal rights clauses of the United States and Texas Constitutions, in that it denies a juvenile the same protections as an adult offender or a juvenile certified as an adult and processed through the adult criminal justice system. U.S. Const. amends. V, XIV; Tex. Const. art. I, §§ 3, 3a. Specifically, J.G. contends that the system allows for the arbitrary and discriminatory treatment of juvenile offenders without adequate safeguards and permits arbitrary prosecution.

When a court reviews the constitutionality of a statute, it presumes that the statute is valid. *HL Farm Corp. v. Self,* 877 S.W.2d 288, 290 (Tex.1994). If interests other than fundamental rights or a suspect classification are affected, the classification must be rationally related to a legitimate state interest. *Clements v. Fashing,* 457 U.S. 957, 102 S.Ct. 2836, 73 L.Ed.2d 508 (1982); *Self,* 877 S.W.2d at 290. There is no authority for treating juveniles as a suspect class.

At least until transfer to the institutional division of the TDCJ, a juvenile is not similarly situated to an adult or to a juvenile certified and prosecuted in criminal court. Regardless of this fact, the reason for enacting the determinate sentence statute is clear: the juvenile justice system is arranged with a special emphasis on the welfare of the child, but a juvenile's commission of a more violent offense causes special problems. *See* Tex. Fam.Code Ann. § 51.01 (Vernon 1986); Dawson, 21 Tex.Tech.L.Rev. at 1899. In answer, the legislature enacted the determinate sentence statutes to strike a balance between the goals of providing for the well-being of the child and protecting society from the youthful violent offender. *R.L.H.,* 771 S.W.2d at 701. The determinate sentence

---

1. The record does not show that J.G. raised her claims that the determinate sentence scheme violates her constitutional rights before the trial court. Even constitutional issues can be waived on appeal if not presented to the trial court. *See* Tex.R.App.P. 52(a); *Johnson v. Lynaugh,* 796 S.W.2d 705, 707 (Tex.1990); *Cannon v. Lemon,* 843 S.W.2d 178, 183 (Tex.App.—Houston [14th Dist.] 1992, writ denied). Fundamental error, however, can and should be addressed even when raised for the first time on appeal. Funda-

mental error in a civil case is rare, but occurs when the record shows that the court lacked jurisdiction or when the error directly and adversely affects the public interest as that interest is declared by the statutes and state constitution. *Pirtle v. Gregory,* 629 S.W.2d 919, 920 (Tex.1982). When the rights of minors are involved, the interest of the state in their welfare and protection weighs on the side of finding a sufficient public interest. *G.A.O. v. State,* 854 S.W.2d 710, 715 (Tex.App.—San Antonio 1993, no writ).

system initially places the juvenile in the TYC and the situation is reevaluated when the juvenile reaches age eighteen, which protects the juvenile but also serves to protect the public by providing for the possibility that the violent offender may serve a portion of his sentence in the adult criminal justice system, thus lengthening the period of confinement if circumstances so require.[2] *R.L.H.,* 771 S.W.2d at 701. The determinate sentence system bears a rational relationship to the state interests sought to be protected and advanced by the legislation. The system does not violate federal or state guarantees of equal protection or equal rights.

 J.G. also contends that utilization of section 53.045 is left to the unbridled discretion of the prosecutor, who can treat the child as either a juvenile or an adult. She does not complain that the prosecutor has actually exercised this unbridled discretion, but simply complains of the potential for arbitrary action. J.G. is asking this court to render an advisory opinion, which a court has no authority to do. *Texas Ass'n of Business v. Texas Air Control Bd.,* 852 S.W.2d 440, 444 (Tex.1993); *see also In re S.B.C.,* 805 S.W.2d 1, 5 (Tex.App.—Tyler 1991, writ denied). J.G.'s equal protection complaints are overruled.

J.G. contends that the punishment phase of the determinate sentence scheme violates the United States and Texas Constitutions because it allows a person to serve time in the penitentiary without ever being convicted of an offense; violates the right to bail; violates the separation of powers doctrine because it delegates the power to commute a sentence to the judicial branch; violates the right to the effective assistance of counsel; violates the prohibition against double jeopardy because it permits punishment twice for the

same offense; and violates due process because it permits a juvenile to be punished for conduct while serving time in the custody of the TYC.

 J.G. contends that she has been incarcerated without being first convicted of a crime. *See* U.S. CONST. amends. V, XIV; TEX. CONST. art. I, §§ 10, 19. One commentator has condemned this argument as "fluff without substance." Robert O. Dawson, *The Third Justice System: The New Juvenile–Criminal System of Determinate Sentencing for the Youthful Violent Offender in Texas,* 19 ST. MARY'S L.J. 943, 968 (1988). An order of adjudication or disposition under the juvenile delinquency laws is not a conviction of a crime. TEX.FAM.CODE ANN. § 51.13(a) (Vernon 1986). The purpose of the provision is to avoid stigmatizing the child; it preserves those civil rights that would be lost to a convicted felon. *See id.;* Dawson, 19 ST. MARY'S L.J. at 967. Upon release from the penitentiary, the juvenile will not have the same legal disabilities as another inmate released with a felony conviction. Dawson, 19 ST. MARY'S L.J. at 967–68.

The determinate sentence scheme is utilized only when a juvenile allegedly has committed one of six violent offenses as delineated in the Penal Code and provides the juvenile with the basic constitutional protections of the adult criminal justice system. For purposes of a transfer to the TDCJ, a petition approved by a grand jury functions as an indictment. TEX.FAM.CODE ANN. § 53.045(d) (Vernon Supp.1995). During the determination of delinquency and disposition, the juvenile is entitled to counsel and a twelve-person jury, and proof of delinquent conduct must be proved beyond reasonable doubt. TEX.FAM.CODE ANN. §§ 51.10,

---

**2.** The laws governing juvenile delinquency actually provide an advantage. For example, in the adult criminal justice system, a finding of guilt automatically leads to sentencing. In the juvenile justice system, an adjudication of delinquency does not require disposition unless the child is in need of rehabilitation or the protection of the public or child requires disposition. TEX.FAM. CODE ANN. § 54.04(c) (Vernon Supp.1995); *In re J.T.H.,* 779 S.W.2d 954, 957 (Tex.App.—Austin 1989, no writ).

Note also that an adult convicted of capital murder faces the death penalty or mandatory imposition of a life sentence. TEX.PENAL CODE ANN. § 12.31 (Vernon 1994). The death penalty is not available for a juvenile certified for criminal prosecution who is convicted of capital murder; therefore, a life sentence would be imposed. TEX.PENAL CODE ANN. § 8.07(d) (Vernon 1994). Under the determinate sentence system, a juvenile can receive a maximum sentence of forty years. TEX.FAM.CODE ANN. § 54.04(d)(3) (Vernon Supp.1995).

54.03(c), (f), 54.04(a) (Vernon 1986 & Supp. 1995). We overrule J.G.'s contentions that to incarcerate her in the institutional division of the TDCJ violates federal and state guarantees of due process and due course of law because she does not have a criminal conviction.

■■■ J.G. complains that the determinate sentence system deprives a juvenile of the right to bail after adjudication. *See* U.S. CONST. amends. V, VIII, XIV; TEX. CONST. art. I, §§ 11, 13, 19. J.G. did not appeal the order of adjudication of delinquency, nor is there any indication in the record that she requested or was denied bail after the juvenile court entered the order. *See generally* TEX.FAM.CODE ANN. § 56.01(g) (Vernon 1986) (appeal does not release child from custody, but juvenile court may so order or appellate court may provide for a personal bond). She does not have standing to challenge the system for its failure to provide a juvenile with the right to bail. *See Texas Workers' Compensation Comm'n v. Garcia*, 893 S.W.2d 504, 518 (Tex.1995) (to have standing to challenge statute, plaintiff must demonstrate that he is suffering some actual or threatened restriction). Vicarious constitutional arguments without support in the record are not properly before the appeals court. *Allridge v. State*, 850 S.W.2d 471, 495 (Tex.Crim.App. 1991), *cert. denied* —— U.S. ——, 114 S.Ct. 101, 126 L.Ed.2d 68 (1993).

■■ J.G. also asserts that the transfer hearing violates the separation of powers doctrine of the Texas Constitution because it gives the power to commute a sentence to a judicial officer, when that power is reserved to the executive branch. *See* TEX. CONST. art. II, § 1; TEX. CONST. art. IV, §§ 11, 11A. At the transfer hearing, the trial court has three options. It may recommit the juvenile to the TYC without a determinate sentence; it may order the juvenile transferred to the TDCJ, in which case the juvenile then comes under the authority of the Board of Pardons and Paroles, or it may order the juvenile discharged from the TYC. TEX.FAM.CODE ANN. § 54.11. This latter option is pertinent to J.G.'s complaint, but is not the option the trial court exercised in J.G.'s case and has no bearing on J.G.'s situation. The fact that, in another case, the court may exercise a power it does not have is not a proper complaint for J.G. to raise. *See Garcia*, 893 S.W.2d at 518; *see also Briggs v. State*, 789 S.W.2d 918, 923–24 n. 7 (Tex.Crim.App.1990).

■■ J.G. also contends that the determinate sentence scheme deprives her of the effective assistance of counsel because it allows counsel only one day to prepare. *See* U.S. CONST. amends. VI, XIV; TEX. CONST. art. I, § 10. A child has the right to counsel at every stage of the juvenile court proceedings. *See* TEX.FAM.CODE ANN. § 51.10(a). The statute does not limit counsel to only one day to prepare, but mandates that, at least one day before the hearing, the court provide the juvenile's attorney with all written matter the court will consider. *Id.* § 54.11(d). On July 11, 1994, the trial court appointed counsel to represent J.G. at the transfer hearing held in late September and early October 1994. J.G.'s attorney represented her during the hearing and made no complaint of an inadequate time to prepare.

■■ J.G. also contends that the statute violates the federal and state prohibitions against double jeopardy because it punishes twice for the same offense. *See* U.S. CONST. amends. V, XIV; TEX. CONST. art. I, § 14. Jeopardy attaches in an adjudicatory delinquency proceeding in juvenile court. *Breed v. Jones*, 421 U.S. 519, 95 S.Ct. 1779, 44 L.Ed.2d 346 (1975); *see also In re J.R.R.*, 696 S.W.2d 382, 384 (Tex.1985). The determinate sentence statute, however, does not subject the juvenile to double punishment. A term of not more than forty years' confinement may be imposed during the disposition hearing, and although this term may be divided between time spent in the TYC and time served in a penitentiary, that is not double punishment. A person transferred to the institutional division is entitled to credit for the time served while in the custody of the TYC, so the term served in the penitentiary complements the term served in the TYC. *See* TEX.GOV'T CODE ANN. § 499.053 (Vernon Supp.1995); *J.T.H.*, 779 S.W.2d at 957. J.G. is not being punished twice for the same offense.

J.G. also contends that her transfer to the adult criminal justice system is a violation of due process because the transfer punishes her for her conduct while in the custody of the TYC and because the statute does not guide a juvenile on how to conform her behavior to avoid being transferred to the TDCJ and puts no burden of proof on the State. In our determination of whether the statute violates J.G.'s due process right, we again presume that the statute is valid. *Self*, 877 S.W.2d at 290.

The record amply shows that the TYC does have rules governing conduct which were made known to J.G. And the statute sets forth factors for the court to consider in making determinations under this section, including the experiences and character of the juvenile before and after commitment to the TYC. *See* TEX.FAM.CODE ANN. § 54.11(j).

This consideration seems to further the approved purposes of the juvenile justice system: to protect the child as well as the public. *See* TEX.FAM.CODE ANN. § 51.01. J.G. shows no violation of her due process rights.

We affirm the transfer order.