COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-204-CV
 
IN THE MATTER OF J.J.N.,
A MINOR CHILD
 
------------
FROM THE 323
RD DISTRICT COURT OF
TARRANT COUNTY
------------
MEMORANDUM OPINION(1)
------------
I. Introduction
Appellant J.J.N., a juvenile, raises three
issues complaining of the trial court's disposition judgment committing him to
the Texas Youth Commission ("TYC") for an indeterminate period of
time.
II. Factual and Procedural
Background
Appellant stipulated that he broke into a
residence without the owner's consent and stole items including a Nintendo set,
a rifle, and a bow-and-arrow. On April 8, 2002, the trial court found that
appellant had engaged in delinquent conduct, to wit: burglary of a habitation.
The trial court held a disposition hearing
on April 22, 2002. At the hearing, appellant admitted he dropped out of school
in his ninth-grade year and had not attended school for about a year. He also
admitted he had received citations for truancy. Appellant stated that he was not
working and just sat at home. The record shows appellant made little effort to
find a job.
Appellant's probation officer informed the
trial court that appellant's mother contacted her regarding appellant's behavior
at home, his refusal to attend school, his drinking, and the mother's belief
that appellant was using some type of drugs. The record reflects that
appellant's attitude toward his probation officer and others was oppositional
and confrontational. During appellant's initial intake, he directed abusive
language toward his probation officer and the deputy taking his fingerprints to
the extent that he was issued a citation for disorderly conduct. Appellant's
mother exhibited no control over him; he continued to be disrespectful, and the
intake was finally discontinued due to appellant's loud, vulgar language and
refusal to cooperate. A sheriff's report also indicates that appellant directed
verbally abusive language toward the deputy who escorted him to magistrate's
court for his required warnings.
At the conclusion of the hearing, the
trial court deferred disposition for thirty days, or until May 15, 2002, and
placed appellant on intensive supervision probation. Sixteen days later,
appellant was apprehended and placed in a detention facility for not complying
with the installation order for his electronic monitor.
Appellant's detention evaluation shows
that for five out of the six days he spent in detention, he received
unacceptable ratings. He was confined to his room on four occasions for refusing
to go to academic class and on one occasion for failing to follow staff
instructions. During the evening hours, however, appellant was normally quiet
and cooperative, and he displayed positive sportsmanship in the recreational
program. Overall, appellant's adaptation to the program was deemed negative due
mainly to his refusal to participate in the program.
A progress report submitted by appellant's
probation officer at the May 15th disposition hearing shows that when
she met with appellant after the April 22nd disposition hearing to
discuss the probation and electronic monitoring contracts, appellant displayed a
disinterested and sarcastic attitude. She instructed appellant that he must find
an alternative school to attend for the remaining school year, and she set a
9:30 p.m. curfew. The report also shows that appellant refused to attend school
or comply with his curfew. When appellant's probation officer later attempted to
administer a urinalysis, appellant gave her a cup already containing a urine
sample. After cursing and generally being disrespectful for an hour, appellant
provided his probation officer with another urine sample, which tested positive
for marijuana. When appellant's probation officer ordered that an electronic
monitor be installed, appellant again became verbally abusive and refused to
comply with the monitor installation.
At the disposition hearing, the trial
court noted that appellant failed to make necessary changes since his last
hearing, that he failed to cooperate in detention, and that it did not appear
further post-adjudication detention would provide any different services for
appellant or create a change in his attitude. At the conclusion of the hearing,
the trial court ordered appellant committed to the TYC for an indeterminate
period of time.
III. Commitment to the TYC
In three issues, appellant complains the
trial court abused its discretion in committing him to the TYC.
The juvenile court possesses broad
discretion in determining a suitable disposition for a child who has been
adjudicated delinquent. In re J.D.P., 85 S.W.3d 420, 426 (Tex.
App.--Fort Worth 2002, no pet.). Absent an abuse of discretion, a juvenile
court's findings should not be disturbed. In re M.S., 940 S.W.2d 789,
791 (Tex. App.--Austin 1997, no writ); see also J.D.P., 85 S.W.3d at
426. A trial court abuses its discretion when it acts in an unreasonable and
arbitrary manner, or without reference to any guiding rules or principles. Beaumont
Bank, N.A. v. Buller, 806 S.W.2d 223, 226 (Tex. 1991); Downer v.
Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985), cert
denied, 476 U.S. 1159 (1986); In re C.C., 13 S.W.3d 854, 859 (Tex.
App.--Austin 2000, no pet.) (op. on reh'g).
The legal and factual sufficiency of the
evidence to support the trial court's findings are not independent grounds of
error, but are relevant factors in determining whether the trial court abused
its discretion. In re C.J.H., 79 S.W.3d 698, 702 (Tex. App.--Fort Worth
2002, no pet.). Because the Texas Family Code does not impose a burden of proof
on the State during the disposition phase, we apply the civil standards when
considering the legal and factual sufficiency of the findings at the disposition
phase. Id. at 703.
In determining a no evidence challenge, we
consider only the evidence and inferences that tend to support the trial court's
finding and disregard all evidence and inferences to the contrary. Bradford
v. Vento, 48 S.W.3d 749, 754 (Tex. 2001); Cont'l Coffee Prods. Co. v.
Cazarez, 937 S.W.2d 444, 450 (Tex. 1996); In re King's Estate, 150
Tex. 662, 244 S.W.2d 660, 661 (1951). There is some evidence when the proof
supplies a reasonable basis on which reasonable minds may reach difference
conclusions about the existence of the vital fact. Orozco v. Sander,
824 S.W.2d 555, 556 (Tex. 1992).
In reviewing factual sufficiency, we
consider and weigh all of the evidence, and if the finding is so against the
great weight and preponderance of the evidence as to be manifestly unjust, we
set aside the disposition order and remand the case for a new disposition
hearing. C.C., 13 S.W.3d at 859; In re K.L.C., 972 S.W.2d 203,
206-07 (Tex. App.--Beaumont 1998, no pet.).
A juvenile court is permitted to commit a
delinquent child to the TYC if:

        
 (A) it is in the child's best interests to be placed outside the child's home;
        
 (B) reasonable efforts were made to prevent or eliminate the need for the
 child's removal from the home and to make it possible for the child to return
 to the child's home; and
        
 (C) the child, in the child's home, cannot be provided the quality of care and
 level of support and supervision that the child needs to meet the conditions
 of probation; . . .

Tex. Fam. Code Ann. § 54.04(i) (Vernon
2002).
In his first issue, appellant contends the
trial court abused its discretion in finding that reasonable efforts were made
to prevent or eliminate the need for his removal from his home because there is
no evidence that any efforts were made to prevent his removal. We disagree.
The record shows that the trial court
provided appellant with several opportunities to avoid removal from his home.
The trial court withheld disposition for thirty days and placed appellant on
intensive supervision probation, attempted electronic monitoring, and placed
appellant in local detention. At all times, appellant was fully aware of what he
needed to do in order to stay on probation, yet the record reveals appellant did
not comply with the probation terms and that he failed to participate in the
detention center's program, receiving unacceptable ratings on five of six days.
We conclude this is some evidence to support the trial court's finding that
reasonable efforts were made to prevent or eliminate the need for appellant's
removal from his home. We overrule appellant's first issue.
In his second issue, appellant contends
the trial court abused its discretion by finding that his mother could not
adequately provide at home the quality of care and the level of support and
supervision that he needs to meet his probation terms. Appellant argues that the
court's finding is not warranted because he has no prior juvenile record. Thus,
he argues that the great weight of the evidence in this case indicates that his
mother previously provided the quality of care and level of support necessary to
keep him basically "trouble-free" through nearly all of his juvenile
years.
The record shows that appellant's mother
had no control over him, that appellant was disrespectful and verbally abusive
toward her, and that she was unsuccessful in securing appellant's compliance
with the terms of his probation. Additionally, she expressed concern about
appellant's behavior at home, his truancy, his drinking, and his suspected drug
use. She was unable to enforce appellant's curfew, and appellant violated his
curfew on several occasions. Appellant became verbally abusive toward his mother
when she informed him of the electronic monitoring, and he refused to comply
with the monitor installation. Although this present offense was appellant's
first offense and appellant's mother controlled him in the past, nonetheless,
factually sufficient evidence exists in the record supporting the trial court's
finding that presently appellant's mother could not adequately provide the
quality of care and level of support and supervision appellant needed in order
to meet his probation conditions. We overrule appellant's second issue.
In his third and final issue, appellant
contends the trial court erred by committing him to the TYC because the
commitment was arbitrary and capricious and violated his right to equal
protection. Specifically, appellant contends that because the trial court's
order committing him to the TYC deviates from the Progressive Sanctions
Guidelines, it violates the equal protection clause of the United States
Constitution by denying him the protections received by other similarly situated
juveniles. U.S. CONST. amend. XIV; Tex. Fam. Code Ann. §§ 59.001-13. Appellant
argues that the trial court's failure to use the guidelines as a
"framework" for sentencing results in arbitrary, discriminatory
treatment and sentencing of juvenile offenders without adequate safeguards.
We first consider whether appellant waived
this contention by failing to raise his equal protection claim in the trial
court. An appeal from an order of a juvenile court is governed by the same rules
as those in civil cases generally. Tex. Fam. Code Ann. § 56.01(b); In re
J.G., 905 S.W.2d 676, 680 (Tex. App.--Texarkana 1995, writ denied). To
preserve error for appellate review, an appellant must make a timely, specific
objection, at the earliest opportunity, and obtain an adverse ruling. Tex. R.
App. P. 33.1; Steadman v. State, 31 S.W.3d 738, 742 (Tex. App.--Houston
[1st Dist.] 2000, no pet.). Appellant did not object at the
sentencing hearing to his TYC commitment on the basis that it violated the equal
protection clause of the United States Constitution, nor did he raise this
argument in a motion for new trial. He has, therefore, waived this issue on
appeal. See Jenkins v. State, 912 S.W.2d 793, 808 (Tex. Crim. App.
1993) (op. on reh'g).
Even assuming, however, that appellant may
assert his equal protection claim for the first time on appeal, we cannot agree
with appellant's contention. See J.G., 905 S.W.2d at 683 n.1 (holding
that constitutional claims made by a juvenile are claims of fundamental error
and may be raised for the first time on appeal). The Equal Protection Clause is
"essentially a direction that all persons similarly situated should be
treated alike." City of Cleburne v. Cleburne Living Center, 473
U.S. 432, 439, 105 S. Ct. 3249, 3254 (1985). A statute is presumed valid and, if
interests other than fundamental rights or a suspect classification are
affected, will be upheld if the classification drawn by the statute is
rationally related to a legitimate state interest. City of Cleburne,
473 U.S. at 440, 105 S. Ct. at 3254; HL Farm Corp. v. Self, 877 S.W.2d
288, 290 (Tex. 1994).
There is no authority for treating
juveniles as a suspect class. In re M.A.H., 20 S.W.3d 860, 866 (Tex.
App.--Fort Worth 2000, no pet.) (op. on reh'g); J.G., 905 S.W.2d at
680. Additionally, while the Juvenile Justice Code requires that certain
findings be made before a juvenile is removed from his home, juveniles do not
have a fundamental right to probation. See Tex. Fam. Code Ann. §
54.04(c), (d). A juvenile court is vested with broad discretion to determine a
suitable disposition of a child adjudicated delinquent. J.D.P., 85
S.W.3d at 426. A juvenile court's decision is guided by the Progressive Sanction
Guidelines, but the guidelines are not mandatory. C.C., 13 S.W.3d at
858. "Nothing in this chapter prohibits the imposition of appropriate
sanctions that are different from those provided at any sanction level."
Tex. Fam. Code Ann. § 59.003(e).
Because here no suspect class is involved
and no fundamental right is implicated, the appropriate standard of review is
whether the difference in treatment that may occur among juveniles such as
appellant who are adjudicated delinquent of a second degree felony rationally
furthers a legitimate state interest. Nordlinger v. Hahn, 505 U.S. 1,
11, 112 S. Ct. 2326, 2332 (1992). In general, the Equal Protection Clause is
satisfied so long as there is a plausible policy reason for the classification. Id.
The State has legitimate interests in rehabilitating juvenile offenders and
protecting the public. See In re M.A.C., 999 S.W.2d 442, 445-46 (Tex.
App.--El Paso 1999, no pet.). Because appellant failed to comply with any
conditions of his probation, commitment to the TYC is an appropriate sanction
that is rationally related to these interests. We overrule appellant's third
issue.
IV. Conclusion
Having overruled appellant's issues on
appeal, we affirm the trial court's judgment committing appellant to the TYC.
                                                                               
PER CURIAM
PANEL F: WALKER, DAUPHINOT, and HOLMAN, JJ.
[Delivered February 6, 2003]

1. Tex. R. App. P. 47.4.