In the Matter of J.J.N.

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-204-CV

IN THE MATTER OF J.J.N., 

A MINOR CHILD

------------

FROM THE 323RD
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I. Introduction

Appellant J.J.N., a juvenile, raises three issues complaining of the trial court’s disposition judgment committing him to the Texas Youth Commission (“TYC”) for an indeterminate period of time. 

II. Factual and Procedural Background

Appellant stipulated that he broke into a residence without the owner’s consent and stole items including a Nintendo set, a rifle, and a bow-and-arrow. [RR2, p.16-18] On April 8, 2002, the trial court found that appellant had engaged in delinquent conduct, to wit: burglary of a habitation. 

The trial court held a disposition hearing on April 22, 2002.  At the hearing, appellant admitted he dropped out of school in his ninth-grade year and had not attended school for about a year.  He also admitted he had received citations for truancy.  Appellant stated that he was not working and just sat at home.  The record shows appellant made little effort to find a job. 

Appellant’s probation officer informed the trial court that appellant’s mother contacted her regarding appellant’s behavior at home, his refusal to attend school, his drinking, and the mother’s belief that appellant was using some type of drugs.  The record reflects that appellant’s attitude toward his probation officer and others was oppositional and confrontational.  During appellant’s initial intake, he directed abusive language toward his probation officer and the deputy taking his fingerprints to the extent that he was issued a citation for disorderly conduct.  Appellant’s mother exhibited no control over him; he continued to be disrespectful, and the intake was finally discontinued due to appellant’s loud, vulgar language and refusal to cooperate.  A sheriff’s report also indicates that appellant directed verbally abusive language toward the deputy who escorted him to magistrate’s court for his required warnings. At the conclusion of the hearing, the trial court deferred disposition for thirty days, or until May 15, 2002, and placed appellant on intensive supervision probation.  Sixteen days later, appellant was apprehended and placed in a detention facility for not complying with the installation order for his electronic monitor. 

Appellant’s detention evaluation shows that for five out of the six days he spent in detention, he received unacceptable ratings.  He was confined to his room on four occasions for refusing to go to academic class and on one occasion for failing to follow staff instructions.  During the evening hours, however, appellant was normally quiet and cooperative, and he displayed positive sportsmanship in the recreational program.  Overall, appellant’s adaptation to the program was deemed negative due mainly to his refusal to participate in the program.

A progress report submitted by appellant’s probation officer at the May 15th
 disposition hearing shows that when she met with appellant after the April 22nd
 disposition hearing to discuss the probation and electronic monitoring contracts, appellant displayed a disinterested and sarcastic attitude.  She instructed appellant that he must find an alternative school to attend for the remaining school year, and she set a 9:30 p.m. curfew.  The report also shows that appellant refused to attend school or comply with his curfew.  When appellant’s probation officer later attempted to administer a urinalysis, appellant gave her a cup already containing a urine sample.  After cursing and generally being disrespectful for an hour, appellant provided his probation officer with another urine sample, which tested positive for marijuana.  When appellant’s probation officer ordered that an electronic monitor be installed, appellant again became verbally abusive and refused to comply with the monitor installation. At the disposition hearing, the trial court noted that appellant failed to make necessary changes since his last hearing, that he failed to cooperate in detention, and that it did not appear further post-adjudication detention would provide any different services for appellant or create a change in his attitude. At the conclusion of the hearing, the trial court ordered appellant committed to the TYC for an indeterminate period of time.

III. Commitment to the TYC

In three issues, appellant complains the trial court abused its discretion in committing him to the TYC.

The juvenile court possesses broad discretion in determining a suitable disposition for a child who has been adjudicated delinquent.  
In re J.D.P.,
 85 S.W.3d 420, 426 (Tex. App.—Fort Worth 2002, no pet.).  Absent an abuse of discretion, a juvenile court’s findings should not be disturbed.  
In re M.S.,
 940 S.W.2d 789, 791 (Tex. App.—Austin 1997, no writ); 
see also J.D.P.,
 85 S.W.3d at 426.  A trial court abuses its discretion when it acts in an unreasonable and arbitrary manner, or without reference to any guiding rules or principles.  
Beaumont Bank, N.A. v. Buller,
 806 S.W.2d 223, 226 (Tex. 1991); 
Downer v. Aquamarine Operators, Inc.,
 701 S.W.2d 238, 241-42 (Tex. 1985), 
cert denied
, 476 U.S. 1159 (1986); 
In re C.C.,
 13 S.W.3d 854, 859 (Tex. App.—Austin 2000, no pet.) (op. on reh’g).

The legal and factual sufficiency of the evidence to support the trial court’s findings are not independent grounds of error, but are relevant factors in determining whether the trial court abused its discretion.  
In re C.J.H.,
 79 S.W.3d 698, 702 (Tex. App.—Fort Worth 2002, no pet.).  Because the Texas Family Code does not impose a burden of proof on the State during the disposition phase, we apply the civil standards when considering the legal and factual sufficiency of the findings at the disposition phase.  
Id.
 at 703.

In determining a no evidence challenge, we consider only the evidence and inferences that tend to support the trial court’s finding and disregard all evidence and inferences to the contrary.  
Bradford v. Vento,
 48 S.W.3d 749, 754 (Tex. 2001); 
Cont’l Coffee Prods. Co. v. Cazarez,
 937 S.W.2d 444, 450 (Tex. 1996); 
In re King’s Estate,
 150 Tex. 662, 244 S.W.2d 660, 661 (1951). There is some evidence when the proof supplies a reasonable basis on which reasonable minds may reach difference conclusions about the existence of the vital fact.  
Orozco v. Sander,
 824 S.W.2d 555, 556 (Tex. 1992).

In reviewing factual sufficiency, we consider and weigh all of the evidence, and if the finding is so against the great weight and preponderance of the evidence as to be manifestly unjust, we set aside the disposition order and remand the case for a new disposition hearing.  
C.C.,
 13 S.W.3d at 859; 
In re K.L.C.,
 972 S.W.2d 203, 206-07 (Tex. App.—Beaumont 1998, no pet.).

A juvenile court is permitted to commit a delinquent child to the TYC if:

(A) it is in the child’s best interests to be placed outside the child’s home;

(B) reasonable efforts were made to prevent or eliminate the need for the child’s removal from the home and to make it possible for the child to return to the child’s home; and

(C) the child, in the child’s home, cannot be provided the quality of care and level of support and supervision that the child needs to meet the conditions of probation; . . .

Tex. Fam. Code Ann. 
§ 54.04(i) (Vernon 2002).

In his first issue, appellant contends the trial court abused its discretion in finding that reasonable efforts were made to prevent or eliminate the need for his removal from his home because there is no evidence that any efforts were made to prevent his removal.  We disagree.

The record shows that the trial court provided appellant with several opportunities to avoid removal from his home. The trial court withheld disposition for thirty days and placed appellant on intensive supervision probation, attempted electronic monitoring, and placed appellant in local detention.  At all times, appellant was fully aware of what he needed to do in order to stay on probation, yet the record reveals appellant did not  comply with the probation terms and that he failed to participate in the detention center’s program, receiving unacceptable ratings on five of six days.  We conclude this is some evidence to support the trial court’s finding that reasonable efforts were made to prevent or eliminate the need for appellant’s removal from his home.  We overrule appellant’s first issue.

In his second issue, appellant contends the trial court abused its discretion by finding that his mother could not adequately provide at home the quality of care and the level of support and supervision that he needs to meet his probation terms.  Appellant argues that the court’s finding is not warranted because he has no prior juvenile record.  Thus, he argues that the great weight of the evidence in this case indicates that his mother previously provided the quality of care and level of support necessary to keep him basically “trouble-free” through nearly all of his juvenile years.

The record shows that appellant’s mother had no control over him, that appellant was disrespectful and verbally abusive toward her, and that she was unsuccessful in securing appellant’s compliance with the terms of his probation. Additionally, she expressed concern about appellant’s behavior at home, his truancy, his drinking, and his suspected drug use.  She was unable to enforce appellant’s curfew, and appellant violated his curfew on several occasions.  Appellant became verbally abusive toward his mother when she informed him of the electronic monitoring, and he refused to comply with the monitor installation.  Although this present offense was appellant’s first offense and appellant’s mother controlled him in the past, nonetheless, factually sufficient evidence exists in the record supporting the trial court’s finding that presently appellant’s mother could not adequately provide the quality of care and level of support and supervision appellant needed in order to meet his probation conditions.  We overrule appellant’s second issue.

In his third and final issue, appellant contends the trial court erred by committing him to the TYC because the commitment was arbitrary and capricious and violated his right to equal protection.  Specifically, appellant contends that because the trial court’s order committing him to the TYC deviates from the Progressive Sanctions Guidelines, it violates the equal protection clause of the United States Constitution by denying him the protections received by other similarly situated juveniles.  U.S. CONST. amend. XIV; 
Tex. Fam. Code Ann. 
§
§ 59.001-13.  Appellant argues that the trial court’s failure to use the guidelines as a “framework” for sentencing results in arbitrary, discriminatory treatment and sentencing of juvenile offenders without adequate safeguards.

We first consider whether appellant waived this contention by failing to raise his equal protection claim in the trial court.  An appeal from an order of a juvenile court is governed by the same rules as those in civil cases generally. 
Tex. Fam. Code Ann.
 § 56.01(b); 
In re J.G.,
 905 S.W.2d 676, 680 (Tex. App.—Texarkana 1995, writ denied).  To preserve error for appellate review, an appellant must make a timely, specific objection, at the earliest opportunity, and obtain an adverse ruling.  
Tex. R. App. P.
 33.1; 
Steadman v. State,
 31 S.W.3d 738, 742 (Tex. App.—Houston [1
st
 Dist.] 2000, no pet.).  Appellant did not object at the sentencing hearing to his TYC commitment on the basis that it violated the equal protection clause of the United States Constitution, nor did he raise this argument in a motion for new trial.  He has, therefore, waived this issue on appeal.  
See Jenkins v. State,
 912 S.W.2d 793, 808 (Tex. Crim. App. 1993) (op. on reh’g).

Even assuming, however, that appellant may assert his equal protection claim for the first time on appeal, we cannot agree with appellant’s contention.  
See J.G.,
 905 S.W.2d at 683 n.1 (holding that constitutional claims made by a juvenile are claims of fundamental error and may be raised for the first time on appeal).  The Equal Protection Clause is “essentially a direction that all persons similarly situated should be treated alike.”  
City of Cleburne v. Cleburne Living Center,
 473 U.S. 432, 439, 105 S. Ct. 3249, 3254 (1985).  A statute is presumed valid and, if interests other than fundamental rights or a suspect classification are affected, will be upheld if the classification drawn by the statute is rationally related to a legitimate state interest.  
City of Cleburne,
 473 U.S. at 440, 105 S. Ct. at 3254; 
HL Farm Corp. v. Self,
 877 S.W.2d 288, 290 (Tex. 1994).

There is no authority for treating juveniles as a suspect class.  
In re M.A.H.,
 20 S.W.3d 860, 866 (Tex. App.—Fort Worth 2000, no pet.) (op. on reh’g); 
J.G.,
 905 S.W.2d at 680.  Additionally, while the Juvenile Justice Code requires that certain findings be made before a juvenile is removed from his home, juveniles do not have a fundamental right to probation.  
See
 
Tex. Fam. Code Ann
. § 54.04(c), (d).  A juvenile court is vested with broad discretion to determine a suitable disposition of a child adjudicated delinquent.  
J.D.P.,
 85 S.W.3d at 426.  A juvenile court's decision is guided by the Progressive Sanction Guidelines, but the guidelines are not mandatory.  
C.C.,
 13 S.W.3d at 858. "Nothing in this chapter prohibits the imposition of appropriate sanctions that are different from those provided at any sanction level."  
Tex. Fam. Code Ann.
 § 59.003(e).

Because here no suspect class is involved and no fundamental right is implicated, the appropriate standard of review is whether the difference in treatment that may occur among juveniles such as appellant who are adjudicated delinquent of a second degree felony rationally furthers a legitimate state interest.  
Nordlinger v. Hahn,
 505 U.S. 1, 11, 112 S. Ct. 2326, 2332 (1992).  In general, the Equal Protection Clause is satisfied so long as there is a plausible policy reason for the classification.  
Id.
  The State has legitimate interests in rehabilitating juvenile offenders and protecting the public.  
See In re M.A.C.,
 999 S.W.2d 442, 445-46 (Tex. App.—El Paso 1999, no pet.). Because appellant failed to comply with any conditions of his probation, commitment to the TYC is an appropriate sanction that is rationally related to these interests.  We overrule appellant’s third issue.

IV. Conclusion
 

Having overruled appellant’s issues on appeal, we affirm the trial court’s judgment committing appellant to the TYC.

PER CURIAM

PANEL F: WALKER, DAUPHINOT, and HOLMAN, JJ.

[Delivered February 6, 2003]

FOOTNOTES
1:
Tex. R. App. P.
 47.4.