**In the Matter of F.M., A Juvenile.**

No. 08–06–00194–CV.

Court of Appeals of Texas,
El Paso.

Oct. 11, 2007.

Rehearing Overruled Nov. 28, 2007.

Jose R. Rodriguez, County Atty., El Paso, TX, for Appellant.

---

Matthew DeKoatz, Attorney At Law, El Paso, TX, for Appellee.

Before CHEW, C.J., CARR, J.; and BARAJAS, C.J. (Ret., sitting by assignment).

## OPINION

KENNETH R. CARR, Justice.

This is the State's appeal from the district court's order reducing F.M.'s twenty-year determinate sentence, being served in the Texas Department of Criminal Justice ("TDCJ"), to fourteen years. We set aside the district court's order.

## I. SUMMARY OF THE EVIDENCE

On October 26, 1992, F.M., a juvenile, was charged with committing the offenses of aggravated kidnaping and aggravated sexual assault. The petition was filed pursuant to Tex. Fam.Code Ann. § 54.04(d)(3), the determinate sentencing statute. A trial was held in which the jury found that F.M. had committed aggravated kidnaping and aggravated sexual assault and adjudicated him delinquent. F.M. elected to be sentenced by the court. Judge Philip R. Martinez of the 327th District Court, a designated Juvenile Court, signed a Judgment and Disposition Order of Commitment to the Texas Youth Commission on December 8, 1992, sentencing F.M. to a determinate sentence of twenty years. On December 21, 1992, Judge Martinez signed a Judgment Nunc Pro Tunc, correcting the Penal Code sections of the two adjudicated offenses.

F.M. was to turn eighteen years of age on October 18, 1993, which subjected him to transfer to the Institutional Division of the TDCJ. Pursuant to Tex. Fam.Code Ann. § 54.11, the Texas Youth Commission requested that a release and transfer hearing be set before Judge Martinez. On October 1, 1993, following a hearing held

on September 10, 1993, Judge Martinez ordered F.M. to be committed to the TDCJ to finish the remainder of his twenty-year determinate sentence. No appeal was ever filed from this determination.

On February 14, 2006, F.M. filed a Motion for Review Hearing which also requested that Appellant be brought to El Paso County to consult with counsel and to attend a hearing. On July 5, 2006, a hearing was held in the 65th District Court, a designated Juvenile Court, before Judge Alfredo Chavez, on a number of motions filed by F.M. All of the motions were denied, except for a Motion for Forensic DNA Testing, and a Motion To Suspend Further Execution of the Sentence/Motion To Have Sentence Reduced. The court ordered the sentence reduced to fourteen years. It is from this order that the State appeals.

## II. DISCUSSION

In Issue Nos. One and Two, Appellant (the State) asserts that the court lacked jurisdiction to reduce F.M.'s sentence and that the plenary power of the court had expired, thereby causing the court's reduction of the sentence to be void, because no law or rule of procedure authorized the reduction.

Subject-matter jurisdiction is an essential part of the authority of a court to decide a case, and it is never to be presumed and cannot be waived. *Texas Ass'n of Bus. v. Texas Air Control Bd.,* 852 S.W.2d 440, 443–44 (Tex.1993). The reviewing court determines whether subject-matter jurisdiction exists as a question of law, subject to *de novo* review. *Mayhew v. Town of Sunnyvale,* 964 S.W.2d 922, 928 (Tex.1998).

With regard to Issue No. One, following the release hearing required by

Section 54.11 of the Family Code, the trial court had the authority to: (1) recommit the juvenile to TYC without a determinate sentence; (2) transfer the juvenile to TDCJ; or (3) discharge the juvenile. Tex. Fam.Code Ann. § 54.11(i) and (j). If the juvenile is transferred to the Texas Department of Criminal Justice, as occurred in this case, he comes under the authority of the Board of Pardons and Paroles. *See In the Matter of J.G.,* 905 S.W.2d 676, 682 (Tex.App.-Texarkana 1995, writ denied). The Parole Board does have the constitutional authority to provide an inmate with the opportunity for parole, pursuant to Section 498.053 of the Texas Government Code. *In the Matter of S.C.,* 790 S.W.2d 766, 770 (Tex.App.-Austin 1990, writ denied). However, we are unaware of, and have been unable to find, any indication that the juvenile court remains vested with the ability to reduce the determinate sentence of an inmate incarcerated at the TDCJ.

Furthermore, with regard to Issue No. Two, an appeal may be taken from an order, entered under Family Code Section 54.11(i)(2), transferring the person to the custody of the Institutional Division of the TDCJ. Tex. Fam.Code Ann. § 56.01(c)(2). Section 56.01(b) of the Family Code states that the requirements governing an appeal are as in civil cases generally. *See* Tex. Fam.Code Ann. § 56.01(b). As noted above, the record indicates that no appeal was taken after F.M. was transferred to the TDCJ.

■ Judicial action taken after a trial court's plenary power has expired is a nullity. *See State ex rel. Latty v. Owens,* 907 S.W.2d 484, 486 (Tex.1995) (per curiam). Absent the filing of a motion for new trial, the trial court, regardless of whether an appeal has been perfected, has plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment within thirty days after the judgment is signed. Tex.R. Civ. P. 329b(d) & (e). No motion for new trial was filed in this case. An order entered after the trial court's plenary power has expired is outside the jurisdiction of the trial court and is void. *In re Dickason,* 987 S.W.2d 570, 571 (Tex.1998).

■ F.M. cites *In the Matter of C.L., Jr.,* 874 S.W.2d 880, 884 (Tex.App.-Austin 1994, no writ), and *In the Matter of H.V.R.,* 974 S.W.2d 213, 217 (Tex.App.-San Antonio 1998, no pet.) as authority for the proposition that the court retained jurisdiction to modify the determinate sentence. Both cases stand for the proposition that, even though Family Code Section 54.11(h) provides that the transfer hearing must begin more than thirty days before the juvenile's eighteenth birthday, it is not required that it be completed in that time frame, as long as it occurs before that juvenile's eighteenth birthday. *Matter of H.V.R.,* 974 S.W.2d at 217; *Matter of C.L., Jr.,* 874 S.W.2d at 884. F.M. reasons that those holdings allow for the court to have continuing jurisdiction to modify the sentence, by reducing it to fourteen years. However, nothing in either of these cases leads to that conclusion. Both cases restrict the extended time limit prior to the juvenile's eighteenth birthday, and we find neither case to be applicable to the present situation. As the court was without jurisdiction to reduce F.M.'s determinate sentence, we sustain Issue Nos. One and Two.

## III. CONCLUSION

We set aside the order reducing F.M.'s determinate sentence.