Becker v. State






COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS







IN RE: FERNANDO MORALES,


                            Relator.

§
 
§
 
§
 
§
 
§
 
 § 




No. 08-11-00077-CR

AN ORIGINAL PROCEEDING
                        IN MANDAMUS



 

 

 




MEMORANDUM OPINION ON PETITION FOR WRIT OF MANDAMUS

            Relator is imprisoned pursuant to a determinate sentence rendered in a juvenile proceeding. 
See In re F.M., 238 S.W.3d 837, 838 (Tex.App.--El Paso 2007, pet. denied). On February 28, 2011,
he filed a pro se petition for writ of mandamus to compel the trial court either to rule or hold an
evidentiary hearing on a habeas application. Relator claimed that he filed an application for writ of
habeas corpus in the trial court in June 2010 and that the court failed on rule on the application. He
provided a copy of a habeas application, dated June 1, 2010, and a copy of a letter requesting a ruling
from the trial judge. On March 11, 2011, this Court requested that the Real Party in Interest respond
to the petition on or before April 10, 2011. We did not receive a response from the Real Party, but
we did receive a notice of appeal in which Relator sought to appeal the denial of his habeas
application. We have now received the clerk’s record for that appeal. It includes a habeas
application dated June 1, 2010, and the trial court’s order of March 24, 2011, denying the
application.
            This Court “may, on affidavit or otherwise, as the court may determine, ascertain the matters
of fact that are necessary to the proper exercise of its jurisdiction.” Tex.Gov’t Code Ann.
§ 22.220(c)(West Supp. 2010). We may also take judicial notice of the record in a related case. See
Tello v. Bank One, N.A., 218 S.W.3d 109, 113 n.4 (Tex.App.--Houston [14th Dist.] 2007, no pet.). 
The record for Relator’s appeal demonstrates that Relator has received the relief requested in his
mandamus petition. Accordingly, the petition for writ of mandamus is dismissed as moot.


June 15, 2011                                                              
                                                                                    ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)