

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-24-00068-CV

IN THE MATTER OF J.E.W., A JUVENILE

On Appeal from the County Court at Law
Bowie County, Texas
Trial Court No. 22JV0031-CCL

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

## MEMORANDUM OPINION

J.E.W. appeals an order transferring him to the Texas Department of Criminal Justice (TDCJ) to serve the remainder of his determinate sentence. On appeal, J.E.W. argues that the trial court lacked authority to issue a determinate sentence. Because J.E.W. did not appeal the order of disposition setting his determinate sentence, we affirm the trial court's transfer order.

## I.      Factual and Procedural Background

In November 2022, when J.E.W. was fourteen, the State filed a petition alleging that he committed delinquent conduct. Specifically, the State alleged that J.E.W.'s conduct

> (1)      violated Section 29.03 of the Texas Penal Code, when he "intentionally or knowingly threaten[ed] or place[d] Aiman Baidas in fear of serious bodily injury or death," while in the course of committing theft, and used or exhibited "a deadly weapon, to-wit:  a black in color Umarex-Stee1 Strike Air Gun intended to resemble an AR015, 0.177MM, such act being a First Degree Felony"; and

> (2)      violated Section 38.04 of the Texas Penal Code by intentionally fleeing in a vehicle "from [Texarkana, Texas, Police Department] Officer Brady Cooper, a person the defendant knew was a peace officer who was attempting lawfully to arrest or detain the defendant, such act being a State Jail Felony."

The State's petition did not seek a determinate sentence. Even so, in February 2023, the State obtained grand jury approval of the petition for the aggravated-robbery charge. *See* TEX. PENAL CODE ANN. § 29.03. The State filed an amended petition raising the same allegations raised in the original petition but did not present the amended petition to the grand jury.

On March 9, 2023, when J.E.W. was fifteen, he stipulated to the evidence against him and pled true to the State's allegations in open court in exchange for a "[t]en year determinate sentence to" the Texas Juvenile Justice Department (TJJD). The juvenile court found the State's allegations true and entered an order adjudicating J.E.W. guilty of delinquent conduct. In

2

accordance with the plea-bargain agreement, the juvenile court committed J.E.W. to the TJJD for "a determinate period of 10 ten years with a possible transfer to the Texas Department of Criminal Justice." The trial court gave J.E.W. the right to appeal the adjudication and disposition orders, but he did not.

On October 17, 2024, when J.E.W. was sixteen, the juvenile court held a release or transfer hearing in which the State recommended transfer to the TDCJ. After the hearing, the trial court entered a dispositional order transferring J.E.W. to the TDCJ to serve the remainder of his determinate sentence.

## II.    J.E.W.'s Sole Issue Is Not Properly Before Us

On appeal, J.E.W. argues that the trial court lacked authority to enter a determinate sentence because the State did not seek one and, as a result, the grand jury did not approve a determinate sentencing scheme. *See Ex parte Brown*, 591 S.W.3d 705, 713 (Tex. App.—Fort Worth 2019), *pet. dismissed, improvidently granted*, 664 S.W.3d 826 (Tex. Crim. App. 2022); *In re R.R.*, No. 05-23-01008-CV, 2024 WL 5198701, at *4 (Tex. App.—Dallas Dec. 23, 2024, pet. filed) (mem. op.); *In re J.P.S.*, No. 13-24-00120-CV, 2024 WL 3199186, at *3 (Tex. App.—Corpus Christi–Edinburg June 27, 2024, no pet.) (mem. op.); *see also In re E.Y.*, No. 14-16-00475-CV, 2016 WL 7108407, at *15 (Tex. App.—Houston [14th Dist.] Dec. 6, 2016, no pet.) (mem. op.). Noting that this case arrives to us in a procedural posture different from the above-cited cases, the State argues that the issue is waived.

"The Texas Family Code gives the juvenile the right to appeal certain orders entered by the trial court after different stages of the proceeding, including after the adjudication hearing,

3

after the disposition hearing, and after the release or transfer hearing." *In re J.H.P.*, No. 06-22-00069-CV, 2023 WL 3085763, at *2 (Tex. App.—Texarkana Apr. 26, 2023, no pet.) (mem. op.) (citing TEX. FAM. CODE ANN. § 56.01(c)(1)(B), (C), (2)). "An appeal from an order of a juvenile court is governed by the same rules as those in civil cases generally." *Id.* (quoting *In re J.G.*, 905 S.W.2d 676, 680 (Tex. App.—Texarkana 1995), *writ denied*, 916 S.W.2d 949 (Tex. 1995) (per curiam)). We have previously explained,

> Because an order adjudicating a juvenile guilty of engaging in delinquent conduct and a disposition order committing the juvenile to the TJJD are appealable orders, we have held that "complaints pertaining to proceedings, such as the grand jury approval process, that occurred before entry of the judgment of adjudication and disposition order are waived" and cannot be brought in an appeal from an order transferring the person to the penitentiary.

*Id.* at *3 (quoting *In re J.G.*, 905 S.W.2d at 680).

Since J.E.W.'s sole issue on appeal relates to the adjudication and disposition orders and because no appeal from them was perfected, we overrule his sole point of error on appeal.

We affirm the trial court's order of transfer.


Charles van Cleef
Justice

Date Submitted:     June 11, 2025
Date Decided:       August 1, 2025

4