Opinion issued March 26, 2026



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-24-00926-CV

———————————

## IN THE MATTER OF M.D.M.

On Appeal from the 313th District Court
Harris County, Texas
Trial Court Case No. 2023-00786J

## MEMORANDUM OPINION

On November 21, 2024, Appellant M.D.M. filed a notice of appeal evincing his intent to appeal the judgment of the juvenile court dated November 4, 2024 committing him to the Texas Juvenile Justice Department for a period of five

years.[1] On January 10, 2025, two months after M.D.M. filed his notice of appeal, the trial court *sua sponte* issued a judgment nunc pro tunc.

In two issues on appeal, M.D.M. argues (1) the juvenile court's judgment nunc pro tunc is void or voidable because it was entered without notice to him or his counsel and because it does not comport with the law, and (2) the juvenile court abused its discretion in entering a judgment nunc pro tunc to correct a judicial error.

We dismiss the appeal for want of jurisdiction.

## Background

In June 2023, the State filed a determinate petition[2] alleging M.D.M. had committed aggravated robbery, a felony. M.D.M. stipulated that he committed the crime and, on June 5, 2023, he was sentenced to eight years in the Texas Juvenile Justice Department, probated for five years. M.D.M. was remanded to the custody of the Chief Juvenile Probation Officer ("CJPO") to serve his probated sentence.

---

[1] To protect the identity of a minor child, we refer to him by a pseudonym. *See* TEX. R. APP. P. 9.8(c)(2).

[2] The determinate sentence system was created by the Texas Legislature to prosecute juvenile offenders for certain violent offenses. *See In re X.A.*, No. 01-19-00227-CV, 2020 WL 237939, at *1 n.2 (Tex. App.—Houston [1st Dist.] Jan. 16, 2020, no pet.) (mem. op.) (citing *In re J.G.*, 905 S.W.2d 676, 679 (Tex. App.—Texarkana 1995, writ denied); *see also In re R.C.*, 626 S.W.3d 76, 78 n.1 (Tex. App.—Houston [14th Dist.] 2021, no pet.) ("For delinquent conduct involving certain offenses . . . that remain in the juvenile court, the State has the option of filing a determinate petition and seeking a determinate sentence—one that has a maximum term of years depending on the offense's severity.").

In 2024, the State filed a petition to modify disposition alleging M.D.M. had violated the terms of his probation by committing two criminal offenses. The juvenile court conducted a hearing on the State's petition to modify disposition. M.D.M. stipulated during the hearing that he violated his probation. On November 4, 2024, the juvenile court held that M.D.M. had engaged in "delinquent conduct" and it sentenced M.D.M. to five years in prison in the Texas Juvenile Justice Department pursuant to the State's recommendation. The November 4 judgment is titled:

**Determinate Sentencing Judgment / Order**
STIPULATION TO THE EVIDENCE, OR NOLO CONTENDRE; and
BEFORE COURT-WAIVER OF JURY TRIAL

The judgment indicates that M.D.M.'s disposition is "Custody to CJPO 5 years TJJD."[3]

On November 21, 2024, M.D.M. filed a notice of appeal from the November 4, 2024 judgment. Two months later, on January 10, 2025, the juvenile court *sua sponte* entered a judgment nunc pro tunc using a different form judgment. The judgment nunc pro tunc is titled:

**Determinate Sentencing Judgment Nunc Pro Tunc and Order of Commitment**
STIPULATION TO THE EVIDENCE, or NOLO CONTENDRE; and
BEFORE COURT-WAIVER OF JURY TRIAL; with
COMMITMENT TO THE TEXAS JUVENILE JUSTICE DEPARTMENT
**Jurisdiction**

---

[3] The docket sheet for November 4, 2024 states, "CUSTODY TO CJPO FOR PLACEMENT."

Appellant's two points on appeal address only the January 10 judgment nunc pro tunc. They do not address the November 4 judgment.[4] Appellant, however, did not file a notice of appeal from the January 10 judgment nunc pro tunc. Absent a timely filed notice of appeal, our Court lacks jurisdiction over an appeal. *Alghuti v. Al-Najjar*, No. 01-23-00064-CV, 2023 WL 5535706, at *1 (Tex. App.—Houston [1st Dist.] Aug. 29, 2023, no pet.) (mem. op.) (citing Tex. R. App. P. 25.1).

On December 31, 2025, we notified Appellant that his appeal could be dismissed for lack of jurisdiction unless he filed a written response, by January 14, 2026, demonstrating why our Court had jurisdiction over his appeal of the judgment nunc pro tunc. *See* Tex. R. App. P. 42.3(a). Appellant's counsel first requested an extension of time, through January 28, to respond to this Court's jurisdictional inquiry. Later, on February 4, he requested a second extension of time indicating it was Appellant's intention to file a motion to dismiss the appeal and requesting until February 23 to prepare the motion and have it signed. To date, no motion has been filed, and Appellant has not responded to this Court's jurisdictional inquiry.

---

[4] M.D.M.'s appellate brief does not challenge the length of the sentence imposed in November 2024 or anything else with respect to that judgment. It only challenges the judgment nunc pro tunc. "[T]he appeal of a judgment nunc pro tunc is limited to issues related to the clerical errors addressed therein; it does not provide the appellant an opportunity to raise issues relating to the original conviction and sentence." *Barnett v. State,* No. 06-14-00149-CR, 2015 WL 5999663, at *2 (Tex. App.—Texarkana July 24, 2015, pet. ref'd) (mem. op., not designated for publication).

Because M.D.M.'s brief addresses only the January 10 judgment nunc pro tunc and he did not file a notice of appeal from that judgment, we lack jurisdiction over his appeal. *See Dewalt v. State*, 417 S.W.3d 678, 689 n.51 (Tex. App.—Austin 2013, pet. ref'd) (holding that "prior notice of appeal . . . did not perfect appeal as to the subsequent and separate judgment nunc pro tunc"); *Hill v. State*, No. 05–14–01067–CR, 2015 WL 2394099, at *2 (Tex. App.—Dallas May 18, 2015, pet. ref'd) (mem. op., not designated for publication) (holding appellant's failure to file notice of appeal of second nunc pro tunc order deprived reviewing court of jurisdiction over second nunc pro tunc order, even though appellant had properly appealed first nunc pro tunc order, because notice of appeal did not "in any way contemplate" the subsequent entry of second nunc pro tunc order).

## Conclusion

We dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f). We dismiss any pending motions as moot.

Veronica Rivas-Molloy
Justice

Panel consists of Justices Rivas-Molloy, Guiney, and Morgan.